But whether it applies or not, the record shows that the petitioners were accorded due process and that the decision of the Immigration authorities has a substantial basis.

The order to show cause is discharged and the petition is denied.

Mace H. Scovell, of Philadelphia, Pa., for plaintiff.

Rowland C. Evans, Jr., of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

 This is a motion to dismiss a libel under the Suits in Admiralty Act, 46 U.S. C.A. § 741. Although the motion apparently rested upon three grounds, when first filed over two years ago, only one appears to be urged now; i. e., that the suit is barred by the applicable two-year statute of limitations. Briefly, the libel alleges that on March 2, 1943, the vessel upon which libellant was a member of the crew started to crack up and the crew was required to work continuously to rivet the decks and plates together. As a result of this long exposure to the elements, libellant became ill. The libel alleges that respondents failed to provide libellant with a seaworthy ship and were negligent to him in various respects; e. g., failing to provide a safe place to work, unnecessarily exposing him to the elements, failing to provide proper and adequate medical care, attention and maintenance. The libel was filed February 14, 1946. Therefore, under a later decision of the Circuit Court of Appeals for this Circuit, holding a two-year statute of limitations applicable to suits under the Act, at least some of these bases of a cause of action would seem barred by the statute. Cf. Crescetelli v. United States et al., 3 Cir., 159 F.2d 377. Perhaps a pretrial conference could dispose of these, if the parties agree on the facts. However, the motion before the Court at this time asks for dismissal of the complaint. Such motions should be granted sparingly and only when the allegations in the complaint, if accepted as true, do not make out a case at all. Such is not the situation here. The duty of furnishing maintenance and cure is a continuing obligation and does not necessarily cease with the end of a voyage. Loverich

## MAYO v. UNITED STATES OF AMERICA WAR SHIPPING ADMINISTRATION.

### No. 33.

United States District Court
E. D. Pennsylvania.

Dec. 17, 1948.

62

v. Warner Co., 3 Cir., 118 F.2d 690. Breach of that duty can form the basis of an action for personal injury under the Act involved here. Cf. Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368. Therefore, even though it may be difficult to prove that a duty to libellant was breached within the statutory period, it is not, I feel, impossible to do so. This, apparently, was one of the bases of the Orders entered recently by Judge Bard in two similar cases, where motions to dismiss were pressed but refused. Cf. Kulbeck v. United States, et al., No. 417 of 1947 in Admiralty, Order filed October 19, 1948; Untersinger v. Keystone Tankship Corporation, et al., Civil Action No. 7911, Order entered July 16, 1948. Similarly, upon the present pleadings, I cannot say that libellant has no action for wages and maintenance and cure alone. How much of his claim will fall within the statutory period will depend upon facts which cannot be ascertained on a motion to dismiss.

Accordingly, therefore, the motion to dismiss in the instant case will be denied.

### SIMMS et al. v. WHEELING CAB CO.
### Civ. No. 6329.

United States District Court
W. D. Pennsylvania.

Feb. 4, 1949.

George Y. Meyer, of Pittsburgh, Pa., for plaintiffs.

Arthur M. Grossman, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is now before the Court on plaintiff's motion for a new trial.

Plaintiffs seek, in this action, to recover damages alleged to have been received by them as a result of an automobile accident April 10, 1945 near Washington, Pennsylvania.

There was a collision between the automobile owned by Josephine Simms and in which she and her husband were riding at the time, and a taxicab of the defendant, used for taxi purposes. The jury returned the following verdict: "A verdict in favor of the plaintiff, Josephine Simms, and award damages of $200.00 for damage to the car and expenses."

The jury was instructed that if their verdict was in favor of the plaintiffs, that they were entitled to recover damages for whatever injuries were received by reason of the accident. In the case of Josephine Simms, they should consider two items, namely, pain, suffering and inconvenience and the other for damages to her car. The jury evidently allowed damages to Josephine Simms, the woman plaintiff, for the amount of expenses.

It was agreed at the time of the argument that $200 was the amount of the expenses for repairs of Josephine Simms' automobile, the hotel bill of the plaintiffs and for x-ray pictures which were taken while in Washington. The evidence of the plaintiffs and defendant were in conflict as to whether Josephine Simms suffered any damages by reason of pain, suffering and inconvenience. A number of witnesses were called by each side.

I am of the opinion that the question was one of fact for the jury and therefore, that plaintiffs' motion for a new trial, which was based upon inadequacy of the verdict, should be refused.