## KRUHMIN v. UNITED STATES WAR SHIPPING ADMINISTRATION.

### No. 27 of 1947.

United States District Court
E. D. Pennsylvania.

Jan. 13, 1949.

Charles A. Rothman and Melvin A. Bank, both of Philadelphia, Pa., for libellant.

Gerald A. Gleeson, U.S. Atty., and Krusen, Evans & Shaw, all of Philadelphia, Pa., for respondent.

FOLLMER, District Judge.

This is a suit by an American seaman against the United States of America under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752. The Act was passed March 9, 1920, c. 95, 41 Stat. 525 et seq.; Section 745 of which as amended June 30, 1932, c. 315, 47 Stat. 420, reads ".* * * suits based on causes of action arising prior to the taking effect of this chapter shall be brought within one year after this chapter goes into effect; and all other suits hereunder shall be brought within two years after the cause of action arises: * * *."

The libellant sues for injuries which he claims were incurred as the result of negligence of the United States as owner of the S.S. Cape Henlopen, a merchant vessel, on which he was employed as a member of the crew in the capacity of Second Mate. For a second cause of action he also sues for "maintenance and cure." In the Libel In Personam he alleges that the acts of negligence from which his injuries resulted occurred on or about January 22, 1944. The libel was filed January 22, 1947, more than two years after the injury as charged in the libel.

The United States has moved to dismiss the libel on the ground that the cause of action allegedly set forth in the libel has been extinguished by the running of the limitation period upon the right of action as set forth in the Suits in Admiralty Act.

Counsel for libellant concedes that the period of limitations presented by the Suits in Admiralty Act is two years but contends that the circumstances of the case, as substantiated by affidavit and exhibits accompanying their brief, show that plaintiff was improperly and wrongfully induced to post-

pone filing suit against respondents until after the expiration of the said two year period; and furthermore, that respondents actually paid libellant a total of $500.00 on account of his illness; that the limitation is applicable only under circumstances where the party seeking to revoke the same has acted in good faith and has done nothing to influence libellant to withhold filing suit.

As indicated above, this action is under the Suits in Admiralty Act. "In interpreting the act, (Suits in Admiralty Act) permitting as it does a suit to be brought against the United States, we must follow the rule of strict construction. This follows from the fact that the United States cannot be sued without their consent, and, if Congress in certain cases gives its consent, the courts are confined to the letter of the statute which expresses such consent. * * * And all the provisions of such a statute are jurisdictional. As the liability and the remedy are created by the statute, the limitations of the remedy are regarded as limitations of the right."[1]

"Generally, where a statute creates a cause of action which was unknown at common law, a period of limitation set up in the same statute is regarded as a matter of substance, limiting the right as well as the remedy. Filing a complaint within the prescribed period is a condition precedent to recovery, and the cause of action is extinguished after the running of the period."[2]

The limitation provision of the Suits in Admiralty Act is not only jurisdictional but in and of itself is a condition to the assertion of the right against the United States which it creates.[3]

It follows that as of the date of the filing of this suit no right of action existed against the United States upon which the first cause of action in the libel could be predicated.[4] And in no event in this case could the matters[5] depended upon by libel-

lant to support his theory that the statute was tolled because he was wrongfully lulled into security by respondents' representatives prevail. Of the eight letters submitted the first three, dated respectively September 7, 1945, September 19, 1945, and November 5, 1945, are in their content completely ineffectual for the purpose claimed; all of the rest are dated subsequently to January 22, 1946, on which date the cause of action ceased to exist under the limitation provision of the Act. The total payments of $500 were admittedly made on account of "maintenance and cure," and this cause of action is still open. The motion to dismiss the first cause of action in the libel must therefore be sustained.

The second cause of action is for "maintenance and cure." This being a continuing liability, and applying the limitation provision of the statute above referred to, libellant is entirely within his rights in asserting his claim for maintenance and cure for the two year period immediately antedating the filing of the libel. The motion to dismiss the second cause of action is accordingly refused.

---

[1] The Isonomia, 2 Cir., 285 F. 516, 520.

[2] Osbourne v. United States, 2 Cir., 164 F.2d 767, 768.

[3] Crescitelli v. United States, D.C.E. D.Pa., 66 F.Supp. 894, 896, affirmed 3 Cir., 159 F.2d 377.

[4] Osbourne v. United States, supra.

[5] Libellant submitted eight letters by which he claimed to have been lulled into a sense of security as to the time of the commencement of his action; and furthermore, relied upon payments to him of a total of $500 which obviously were on account of maintenance and cure.