960

CHRISTO v. UNITED STATES et al.
No. 17.

United States District Court
E. D. Pennsylvania.
April 26, 1949.

Stark & Goldstein, of Philadelphia, Pa., for libellant.

T. E. Byrne, Jr., of Philadelphia, Pa., for respondent.

McGRANERY, District Judge.

The libel in the instant case presents two causes of action under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq; one for damages for personal injury, and the other for maintenance and cure. Respondents have moved to dismiss the first cause of action upon the ground that the applicable two-year statute of limitations bars the suit. Libellant alleges that he became ill while on a vessel owned by respondents and since his removal from the vessel has been and still is permanently disabled. His contention in the first cause of action is that he either sustained or aggravated a heart condition on board, as a result of respondents' negligence. The libel was filed on January 16, 1948, more than two years after libellant left his vessel at Singapore on December 27, 1945, but less than two years after his arrival in the United States on March 5, 1946.

The issue is raised on a motion to dismiss. Such motions should be granted sparingly and only when plaintiff could not possibly prove his case under any of the allegations of the complaint. See Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581. Under this standard, I feel that it would be error to grant defendant's motion. Paragraph 9(i) of the libel alleges that respondents were careless and negligent in: "failing to provide proper and adequate medical care and attention and maintenance for alleviation and cure of libellant's injuries." The duty to furnish maintenance and cure is a continuing one and failure of a shipowner to meet this obligation may, of itself, be ground for an action for personal injury. See Mayo v. War Shipping Administration, D.C. 82 F. Supp. 61, and cases cited therein. How long the duty continues depends upon the facts of the case. But I do not think I can properly rule here as a matter of law that it could not have continued up to a time within the two-year period of limitations, a matter of three weeks from the date libellant left the vessel. Accordingly, therefore, an order will be entered denying respondents' motion to dismiss.