## KRUHMIN v. UNITED STATES.

No. 9957.

United States Court of Appeals Third Circuit.

Argued Nov. 7, 1949.

Decided Nov. 30, 1949.

Melvin Alan Bank, Philadelphia, Pa., for appellant.

Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., Mark D. Alspach, Thomas E. Byrne, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., on the brief, for appellee.

Before MARIS, GOODRICH and O'CONNELL, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing the libelant's claim based on negligence because it was not timely. The action was brought on two counts, one based on negligence, the other for maintenance and cure. The motion to dismiss was denied as to the claim for maintenance and cure. D.C.E.D.Pa.1949, 81 F.Supp. 689.

Suit was brought on January 22, 1947. The libelant had joined the ship, the Cape Henlopen, in January, 1944, and left the ship to enter the United States Marine Hospital at Norfolk, Virginia, less than a month later. It will be observed that the action was brought more than two years after the termination of his employment. It is perfectly clear that an action for negligence against the United States must comply with the provisions of the applicable statute, here the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752. The two year limitation of 46 U.S.C.A. § 745 is mandatory and must be complied with. We think the decision of this Court in Crescitelli v. United States, 3 Cir., 1947, 159 F.2d 377, and the decisions discussed therein settle this phase of the case against the appellant. The effort is made, however, to escape the effect of the bar of the statute by argument along two lines. It is first said that there was an estoppel. Second, it is said that the alleged tort was a continuing one.

With regard to the estoppel question, there are two answers. The first is that

when we look through the affidavit of the libelant and the exchange of correspondence between him and the respondent, which are part of the record, we find nothing in them on which a charge of misrepresentation could be predicated. The correspondence was written in friendly terms. The libelant was sent a payment "on account of your illness." But there was nothing in this to mislead anyone; a responsibility for maintenance and cure had already been acknowledged. The only place in the correspondence where there was anything verging upon words which could be built into a representation occurred after the limitation period had already expired. Quite obviously there can be no estoppel based upon such a letter, even if a representation could be found in it, because it could induce neither acting nor a refraining from acting at this stage.

■ The second answer to the point alleging estoppel is that this is a suit against the United States and neither waiver nor estoppel can lengthen the time specified by the Congress in which such suits must be begun. Munro v. United States, 1938, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633; Lynch v. United States, 5 Cir., 1935, 80 F.2d 418, certiorari denied 1936, 298 U.S. 658, 56 S.Ct. 683, 80 L.Ed. 1384; Bono v. United States, 2 Cir., 1940, 13 F.2d 724. "A clear failure to comply with the conditions laid down by statute for suits against the United States may not be waived." Rodinciuc v. United States, 3 Cir., 1949, 175 F.2d 479, 481.

■ The allegation of respondent's liability because of continuing negligence is evidently an after-thought on the libelant's part for it appears not to have been urged or considered in the District Court. We think there is no merit in the point. The employment of the libelant on the ship where he contracted his illness began in January, 1944. On February 6, 1944, he left the ship to go into the United States Marine Hospital at Norfolk, Virginia, and did not serve on the ship again. Anything which the United States, as employer, failed to do for the man it must have failed to do during that brief period when he was on the ship. A liability for maintenance and cure may continue past a particular voyage. Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690, certiorari denied, 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535. But the allegations made by the libelant in this case refer to acts or omissions alleged as negligence with regard to the conditions on the ship while he was employed there.

The judgment of the District Court will be affirmed.