## RAN v. ATLANTIC REFINING CO.
### Civ.A. No. 9593.

United States District Court
E. D. Pennsylvania.
Dec. 28, 1949.

Pane M. Goldstein, of Stark & Goldstein, of Philadelphia, Pa., for plaintiff.

Otto Wolff, Jr., of Lewis, Wolff & Gourlay, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is a seaman's action at law to recover damages for injuries sustained aboard the defendant's vessel, the S. S. Van Dyke, in July or August of 1944, and for failure to provide maintenance and cure. The action was commenced on April 14, 1949. It is now before me on the defendant's motion to dismiss the action on the ground that it is barred by the statute of limitations.

The plaintiff states in his brief that this action is brought under the Jones Act.[1]

1. Act of June 5, 1920, c. 250, § 33, 41 Stat. 1007, 46 U.S.C.A. § 688.

The time limitation of three years, as established in the Federal Employers' Liability Act of 1908, as amended,[2] is incorporated by reference into the Jones Act, and is a substantive part of the plaintiff's cause of action. Flynn v. New York, New Haven & Hartford R. Co., 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837, 72 A.L.R. 1311; Oliver v. Calmer S. S. Co., D.C., 33 F. Supp. 356[3]; O'Neill v. Cunard White Star Ltd., D.C., 69 F.Supp. 943; Osbourne v. United States et al., D.C., 74 F.Supp. 711.

There is no doubt but that the complaint was not filed within three years after the plaintiff was injured.

Paragraph 7(g) of the complaint avers that the defendant was negligent in "failing to provide proper and adequate medical care and attention and maintenance for the alleviation and cure of plaintiff's injuries." The plaintiff contends that the entire complaint is saved by this allegation. I disagree.

There are two basic causes of action averred in the complaint, one for personal injury arising out of the breach of duty to provide and maintain a seaworthy vessel and to employ a competent crew, and the other for personal injury arising out of the breach of duty to provide maintenance and cure. Cortes, Administrator, v. Baltimore Insular Line, Inc., 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368; see also De Zon v. American President Lines, Ltd., 9 Cir., 129 F.2d 404, affirmed 318 U.S. 660, 63 S.Ct. 814, 87 L.Ed. 1065, rehearing denied 319 U.S. 780, 63 S.Ct. 1025, 87 L.Ed. 1725.

A breach of the duty to provide a seaworthy vessel manned by a competent crew occurs when a seaman is injured as a result of unseaworthiness or negligence. In the instant case the plaintiff's right to damages for personal injuries suffered from this breach of this duty arose in July or August of 1944 but was extinguished forever in July or August of 1947. To this extent the defendant's motion to dismiss the complaint will be granted.

However, the duty to provide maintenance and cure continues from day to day so long as a seaman requires medical attention. Each day that this duty is negligently breached a separate cause of action in trespass arises.

Even though it may be difficult to prove that the defendant breached his duty to provide the plaintiff with maintenance and cure during the three year period immediately prior to filing the complaint, the plaintiff should not be denied his day in court. Cf. Mayo v. United States War Shipping Administration, D.C., 82 F.Supp. 61, 62. To this extent the defendant's motion to dismiss the complaint will be denied.

2. Act of April 22, 1908, c. 149, § 6, 35 Stat. 66, as amended, 45 U.S.C.A. § 56.

3. The original Federal Employers' Liability Act provided a two year statute of limitations. The Act of August 11, 1939, c. 685, § 2, 53 Stat. 1404, made this a three year statute of limitations. The principles of the Flynn and the Oliver cases, while established under the two year statute of limitations, are equally applicable to the three year statute of limitations.