### McMAHON v. UNITED STATES et al.
#### No. 19 of 1948.

United States District Court
E. D. Pennsylvania.
July 12, 1950.

594

Stark & Goldstein, Philadelphia, Pa., for libellant.

Gerald A. Gleeson, U. S. Atty., Krusen, Evans & Shaw, all of Philadelphia, Pa., for respondents.

CLARY, District Judge.

In this Admiralty action, two causes of action are asserted, one for damages and the other for maintenance and cure. In the cause of action for damages, two accidents are involved; one in November 1945 and the other in December 1945. The libel was filed January 22, 1948, more than two years after the occurrence of the events alleged as the basis for the causes of action set forth in the libel. Respondent has moved to dismiss the libel as to both causes of action on the ground that the libel was not timely filed under the provisions of the Suits in Admiralty Act of March 9, 1920, 46 U.S.C.A. § 741 et seq., and the Clarification Act of March 24, 1943, 50 U.S.C.A. Appendix, § 1291.

The Suits in Admiralty Act provides that suits thereunder "shall be brought within two years after the cause of action arises". The Clarification Act gives seamen employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration the same rights with respect to certain claims as are enjoyed by seamen .employed on privately owned and operated American vessels. Under the Clarification Act, such seamen employed by the United States are given the right to sue pursuant to the provisions of the Suits in Admiralty Act. The two-year period of limitations of the Suits in Admiralty Act therefore obtains in suits brought under the permission granted in the Clarification Act. The difficulty arises in this case in determining the effect of the provisions in the Clarification Act that " * * * Any claim [for damages and wages] shall, if administratively disallowed in whole or in part, be. enforced pursuant to the provisions of the Suits in Admiralty Act * * *, notwithstanding the vessel on which the seaman is employed is not a merchant vessel within the meaning of such Act. * * *"

The question, therefore, is: When does the "cause of action" within the meaning of the Suits in Admiralty Act arise as it applies to an action instituted under the authority of the Clarification Act? Libellant argues that the "cause of action" arises only upon administrative disallowance of the claim and that therefore the two-year period of limitations should not commence in this case until the date of the administrative disallowance of the claim, April 17,

1947, as appears by affidavit of the proctors for the libellant. He argues that such disallowance is a condition precedent to the right to sue the United States and, therefore, the "cause of action" does not arise until that condition has been complied with. In support of his position libellant cites Thurston v. United States, 9 Cir., 1950, 179 F.2d 514. In that case, the accident occurred on July 10, 1946, and the claim was filed on April 16, 1948. No action was taken on the claim and under War Shipping Administration regulations, after sixty (60) days it was presumptively disallowed. The libel was filed August 4, 1948, or two years and twenty-five days after the accident. The Court of Appeals for the Ninth Circuit, Denman, C. J., held that it was timely filed. I am impressed by the reasoning in that Opinion but the Court of Appeals for this Circuit has indicated a contrary result by an expression in the clearest language in Rodinciuc v. United States, 3 Cir., 1949, 175 F.2d 479, 481. In that case, it was held that the seaman had never perfected his statutory right to sue the United States because he had failed to file his claim before instituting suit. The point before me, therefore, was not considered, but in the opinion, Goodrich, J., on behalf of the Court, stated " * * * The seaman has two years from the time of his *injury* to start suit. Within that two-year period he must file a claim with the Administrator, and if it is disallowed, the seaman may sue. * * *" (Emphasis supplied.) The language is clear and unequivocal. The seaman must institute suit within two years from the time of his *injury*. Though the statement is dictum, I feel bound by the expression. If the statement was made without consideration of the implications in the exact situation before me, any modification thereof is the province of the Court of Appeals.

The libel, therefore, must be dismissed as to the first cause of action except in so far as it alleges negligence in failing to provide proper and adequate medical care and attention and maintenance for the alleviation and cure of libellant's injuries. The duty to provide maintenance and cure is a continuing one and I cannot say as a matter of law that it could not have continued to a time within the two-year period of limitations. Christo v. United States, D.C., 83 F.Supp. 960; cf. Ran v. Atlantic Refining Company, D.C., 87 F.Supp. 853.

As to the second cause of action, for maintenance and cure, the liability for maintenance and cure is a continuing one and may be asserted for the two-year period immediately preceding the filing of the libel. Kruhmin v. United States War Shipping Administration, D.C., 81 F.Supp. 689. The motion to dismiss the cause of action for maintenance and cure is therefore granted only as to any claim preceding January 22, 1946. As to the claim for maintenance and cure from and after January 22, 1946, the motion will be dismissed.

### Order

And Now, to wit, this 12th day of July, A. D. 1950, for the reasons set forth in the foregoing Opinion, it is ordered, adjudged and decreed that respondent's motion to dismiss the first cause of action be and it is hereby granted in so far as it relates to subparagraphs (a), (b), (c), (d), (e), (f) and (h) of paragraph 8 of the libel.

It is further ordered, adjudged and decreed that the respondent's motion to dismiss the second cause of action, for maintenance and cure, be and it is hereby granted as to any claim for the period predating January 22, 1946; as to the claim for the period from and after January 22, 1946, the motion is hereby dismissed.