## McMAHON v. UNITED STATES.
### No. 10259.

United States Court of Appeals
Third Circuit.

Argued Nov. 17, 1950.

Decided Dec. 28, 1950.

Paul M. Goldstein, Philadelphia, Pa., for appellant.

Thomas E. Byrne, Jr., Philadelphia, Pa. (Rowland C. Evans, Jr., and Krusen, Evans & Shaw, all of Philadelphia, Pa., on the brief), for appellees.

Before MARIS, McLAUGHLIN and STALEY, Circuit Judges.

, MARIS, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Eastern District of Pennsylvania dismissing a seaman's suit in admiralty containing two counts. The first count set up a cause of action based on negligence and unseaworthiness while the second count sought maintenance and cure. The occurrences upon which both counts are predicated took place in November and December, 1945. The libel was filed January 22, 1948. The first count was dismissed except insofar as it asserted negligent failure to provide medical care and maintenance and the second count was dismissed except as to maintenance and cure claimed for the period of two years immediately preceding the filing of the libel. The suit was brought against the United States under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., pursuant to the Clarification Act, 50 U.S.C.A. Appendix, § 1291 et seq. The action of the district court was based upon its conclusion that suit upon the subject matter of the dismissed counts was barred by the two years limitation contained in the Suits in Admiralty Act. 91 F.Supp. 593. The correctness of that conclusion is the sole question presented on this appeal.

Section 1(a) of the Clarification Act[1] gives to seamen employed by the United States on Government owned vessels the same rights against the United States with respect to "death, injuries, illness, maintenance and cure, loss of effects, detention, or repatriation" and "collection of wages and bonuses and making of allotments" which seamen employed on privately owned and operated American vessels have against the owners of those vessels. The act provides that "Any claim" of the kinds just referred to shall, "if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act". The Clarification Act further provides that "the term 'administratively disallowed' means a denial of a written claim in accordance with rules or regulations prescribed by the Administrator,

War Shipping Administration." When we turn to the Suits in Admiralty Act we find that Section 5 imposes the following limitation upon the bringing of suit:[2] "That suits as herein authorized may be brought only on causes of action arising since April 6, 1917, provided that suits based on causes of action arising prior to the taking effect of this Act shall be brought within one year after this Act goes into effect; and all other suits hereunder shall be brought within two years after the cause of action arises."

The question for decision is whether the libelant's causes of action under the Clarification Act for personal injuries and maintenance and cure, which are here sought to be enforced by suit against the United States under the Suits in Admiralty Act, arose, within the meaning of Section 5 of that act, at the time when the injuries complained of occurred, or at the time when the seaman's claim with respect thereto was administratively disallowed pursuant to the Clarification Act. If the former is true more than two years elapsed between the time the causes of action arose and the time the suit was brought and, therefore, the suit was rightly held to be barred by the limitation contained in Section 5 of the act. If on the other hand the causes of action did not arise within the meaning of Section 5 of the Suits in Admiralty Act until after the administrative disallowance of the libellant's claims under the Clarification Act the suit was brought within the two years period and was consequently timely and should not have been dismissed.

We are satisfied that the district court was right in holding that the libelant's causes of action arose in November and December, 1945, when he sustained his injuries, and that they were, therefore, barred by the statute of limitations. In Rodinciuc v. United States, 3 Cir. 1949, 175 F.2d 479, 481, we said with respect to the question now before us: "The seaman has two years from the time of his injury to start suit. Within that two-year period he must file a claim with the Administrator, and if it is

---

1. Act of March 24, 1943, 57 Stat. 45, c. 26, 50 U.S.C.A.Appendix, § 1291(a).

2. Act of March 9, 1920, c. 95, 41 Stat. 526, 46 U.S.C.A. § 745.

disallowed, the seaman may sue." We adhere to the view expressed in that opinion.

The libelant strongly urges that in the light of the requirement of the Clarification Act for the presentation and administrative disallowance of a seaman's claim before suit may be brought upon it Section 5 of the Suits in Admiralty Act must be construed to mean that the seaman's cause of action does not arise until after such administrative disallowance has taken place and may, therefore, be prosecuted by suit if brought within two years after the latter event. He relies upon the decision of the Court of Appeals for the Ninth Circuit in Thurston v. United States, 1950, 179 F.2d 514, which so holds. The decision in the Thurston case is placed largely upon the ground that legislation such as we are here considering, which is for the benefit of seamen, must be construed strongly in their favor. Proceeding upon this premise the court construed the phrase "cause of action" as used in the Suits in Admiralty Act as having a different meaning from the word "claim" as used in the Clarification Act, the "claim" being held to be that which accrues to the seaman when he is injured and the "cause of action" being merely his right to bring a suit after administrative disallowance of his "claim".

■■■ We are unable to accept the view taken by our brethren of the Ninth Circuit because we think that it fails to give appropriate effect to considerations which we regard as controlling. It is, of course, true that legislation for the benefit of seamen is to be construed liberally in their favor. It is equally true, however, that both the Suits in Admiralty Act and the Clarification Act are statutes which waive the sovereign immunity of the United States from suit and as such, under an equally well accepted canon of construction, the extent of the right to sue which they confer must be construed strictly in favor of the sovereign.[3] Since we thus have two accepted canons, one which calls for a liberal construction of the statutes and the other which calls for a strict construction, it necessarily becomes our duty to give the legislation a reasonable construction which will accord with its language without throwing any weights on either side of the scale.

Considering the legislation in this light we observe that the Suits in Admiralty Act, Section 5 of which contains the limitation in question, was enacted in 1920, 23 years before the passage of the Clarification Act. Obviously Congress could not have had in mind at that time the procedure for the administrative consideration and disallowance of a claim which was not prescribed by it until nearly a quarter of a century later. Moreover we observe that Section 5 of the Suits in Admiralty Act expressly refers to "suits based on causes of action arising prior to the taking of effect of this Act". Since suits in personam against the United States upon the causes of action here referred to were not authorized until the passage of the Suits in Admiralty Act the quoted language necessarily refers to "causes of action arising" before the time when suits could be brought on them. Thus the express language of Section 5 itself negates the libelant's proposition that a "cause of action" as the phrase is used in that section refers only to a claim upon which suit may presently be brought and that it, therefore, "arises" only when the right to bring suit thereon has accrued.

3. United States v. Michel, 1931, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; United States v. Shaw, 1940, 309 U.S. 495, 500–501, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Sherwood, 1941, 312 U.S. 584, 586–587, 61 S.Ct. 767, 85 L.Ed. 1058.

Indeed, so strictly is this canon applied that limitations contained in such acts cannot be lengthened by waiver or estoppel but are to be regarded as qualifying and limiting the right and not merely the remedy. Finn v. United States, 1887, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; Munro v. United States, 1938, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633; Kruhmin v. United States, 3 Cir.1949, 177 F.2d 906.

Moreover this canon has been applied to one of these very statutes, the Suits in Admiralty Act. Blamberg Bros. v. United States, 1923, 260 U.S. 452, 43 S.Ct. 179, 67 L.Ed. 346; Eastern Transp. Co. v. United States, 1927, 272 U.S. 675, 686, 47 S.Ct. 289, 71 L.Ed. 472.

It thus appears that the libelant fails to make a distinction between a cause of action and the right of action thereon. There is, however, a recognized distinction between the two [4] which is controlling here. A cause of action is a legal wrong, the thing which becomes a ground for suit.[5] Here the libelant's causes of action were the legal wrongs which he had allegedly suffered at the hands of the United States in connection with his injuries. These causes of action arose at the moment of injury and he was entitled to enforce them by claim under the administrative procedure provided for by the Clarification Act, and, if that claim was disallowed, by suit under the Suits in Admiralty Act. A right of action, on the other hand, is a right presently to enforce a cause of action by suit. Under the terms of the Clarification Act, however, the libelant's right of action did not arise unless and until he exhausted his administrative remedy. Until then he was precluded from instituting suit upon his causes of action. The making of an administrative claim was nonetheless a step in the enforcement of those causes of action which had been vested in him from the time of injury.

We accordingly conclude that the libelant's causes of action arose in November and December, 1945 when he was injured and under the express terms of Section 5 of the Suits in Admiralty Act were not enforceable by a suit brought more than two years thereafter. We are the more persuaded of the correctness of this conclusion when we consider that the construction of the statutes for which the libelant contends would as a practical matter emasculate the limitation of the Suits in Admiralty Act so far as claims under the Clarification Act are concerned. For under the libelant's view a claimant merely by deferring the filing of his administrative claim could retain his right to bring suit against the United States for as many years as he thought advantageous to himself. This would necessarily follow from the fact that the Clarification Act contains no limitation upon the time within which claims may be presented for administrative consideration. We cannot believe that Congress intended any such result as this when, by enacting the Suits in Admiralty Act and the Clarification Act, it waived the immunity of the United States. Not having included a limitation in the latter act it must have intended that the existing limitation of the Suits in Admiralty Act should apply.

The judgment of the district court will be affirmed.

4. Reading Co. v. Koons, 1926, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835; Hudson Motor Car Co. v. Hertz, 6 Cir.1941, 121 F.2d 326, 331, certiorari denied 314 U.S. 696, 62 S.Ct. 413, 86 L.Ed. 557; 1 Am. Jur., Actions, § 3.

5. Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069.