MacINNES v. UNITED STATES.

No. 4558.

United States Court of Appeals
First Circuit.

June 19, 1951.

734

See also, D.C., 96 F.Supp. 69.

Nathan Greenberg, Boston, Mass., for appellant.

Thomas H. Walsh, Boston, Mass. (George F. Garrity, U. S. Atty., Edward O.

Gourdin, Asst. U. S. Atty., and Leo F. Glynn, all of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

On April 7, 1950, Angus MacInnes filed in the court below a libel in admiralty, seeking money damages for injuries alleged to have been suffered on September 19, 1947, while libelant was working as a member of the crew of the Spirit Lake, a vessel owned by the United States and operated on its behalf by the War Shipping Administration.

The first cause of action stated in the libel was based upon negligence of the respondent, its agents or servants, *ad damnum* $8000. The second cause of action alleged that the injuries were caused by reason of the failure of respondent to provide and maintain a safe and seaworthy vessel and/or safe or proper appliances appurtenant to the aforesaid vessel, *ad damnum* $8000. In the third cause of action it was alleged that libelant was injured while in the performance of his duties aboard said vessel and that under the general maritime law libelant "is therefore entitled to maintenance and cure for a reasonable period of his disability, and that the said expense of his maintenance and cure amount to the sum of two thousand (2000) dollars." As amended, the libel also set forth that, pursuant to the rules and regulations of the War Shipping Administration, libelant under date of December 14, 1949, transmitted in writing by registered mail to respondent his claim as set forth in the three causes of action; that "sixty days have elapsed since the aforesaid date and the Libellant has received no determination from the Respondent respecting this claim. Accordingly, the claim has been administratively disallowed by the Respondent."

The United States filed exceptions to the libel, asserting that the same should be dismissed, on the ground that it was apparent from the face of the libel that it was not filed within the two-year period of limitations prescribed in § 5 of the Suits in Ad-

miralty Act, 41 Stat. 526, 46 U.S.C.A. § 745. The district court sustained the exceptions, 93 F.Supp. 987, and entered a final decree on November 15, 1950, dismissing the libel.

The Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., was enacted March 9, 1920. Section 1 of the Act provides that no vessel owned by the United States or in the possession of the United States or operated by or for the United States "shall hereafter, in view of the provision herein made for a libel in personam, be subject to arrest or seizure by judicial process in the United States or its possessions". Section 2 provides that "in cases where if such vessel were privately owned or operated, * * a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States * * * provided that such vessel is employed as a merchant vessel * *." Section 5, after making special provision for certain causes of action arising prior to the effective date of the Act, prescribes that "all other suits hereunder shall be brought within two years after the cause of action arises."

On March 24, 1943, the 78th Congress enacted Public Law 17, 57 Stat. 45, 50 U.S.C.A.Appendix, § 1291 et seq., popularly referred to as the "Clarification Act" (somewhat of a misnomer, perhaps. Cf. Cosmopolitan Shipping Co. v. McAllister, 1949, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692). Section 1 of the Clarification Act provides that, "(a) officers and members of crews (hereinafter referred to as 'seamen') employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration shall, with respect to * * * (2) death, injuries, illness, maintenance and cure, * * * or claims arising therefrom * * have all of the rights, benefits, exemptions, privileges, and liabilities, under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels. * * * Any claim referred to in clause (2) * * * hereof shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty

Act, notwithstanding the vessel on which the seaman is employed is not a merchant vessel within the meaning of such Act. * * * When used in this subsection the term 'administratively disallowed' means a denial of a written claim in accordance with rules or regulations prescribed by the Administrator, War Shipping Administration."

Pursuant to the aforesaid statutory authority, the War Shipping Administration issued its General Order 32 on April 22, 1943, 8 F.R. 5414. Section 304.23 of this Order provides that no seaman having a claim of the sort now in question shall commence a court action for its enforcement unless such claim has been filed by him as provided elsewhere in the Order and has been "administratively disallowed" by the person or agency with whom it was so filed. Section 304.26 provides that if the person or agency with whom the claim is duly filed "fails to notify the claimant in writing of a determination upon such claim, within sixty days following the date of filing thereof, the claim shall be presumed to have been administratively disallowed, and the claimant shall be entitled to enforce his claim by court action."

It is appellant's contention that under the aforesaid provisions of the Clarification Act and of General Order 32 his "cause of action" did not arise until the presumptive administrative disallowance of his claim upon the lapse of sixty days after December 14, 1949, when the written claim was filed with the administrative agency; and that therefore the libel filed on April 7, 1950, was well within the time limit of § 5 of the Suits in Admiralty Act requiring suits to be brought "within two years after the cause of action arises." Under this interpretation, the time for bringing suit may be indefinitely prolonged; however belated may be the filing of the claim before the administrative agency, the seaman will still have two years after the date of its administrative disallowance within which to file suit in the courts.

This contention has been rejected by the Third Circuit in a well-considered case, McMahon v. United States, 1950, 186 F.2d 227, with which we entirely agree. Without re-

peating the arguments, we refer to the Mc-Mahon case as our authority. It is quite true that Thurston v. United States, 9 Cir., 1950, 179 F.2d 514, looks the other way; but in that case the seaman at least filed his claim with the administrative agency well within the two-year period after the date of his injury, whereas in the case at bar libelant let more than two years go by without even filing a written claim, let alone filing suit.

■ The conclusion is, as to the first and second causes of action stated in the libel, that they arose on September 19, 1947, the date on which libelant received his injuries as a result of the alleged legal wrongs of the United States. As to them, the libel was properly dismissed as out of time.

■ But we think there is a distinction to be taken as to the third cause for maintenance and cure. The obligation of the shipowner to supply maintenance and cure to a seaman injured in the service of the ship is a continuing one under the general maritime law. On this count, the seaman is entitled to recover for the value of whatever maintenance and cure the shipowner had the continuing duty to supply during the two-year period prior to the date of filing the libel. Kruhmin v. United States War Shipping Administration, D.C.E.D.Pa. 1949, 81 F.Supp. 689; Christo v. United States, D.C.E.D.Pa. 1949, 83 F.Supp. 960. See also Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690, 693, certiorari denied 1941, 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535. This question was not before the court of appeals in McMahon v. United States, supra. In that case the district court had dismissed as untimely a count setting up a cause of action based on negligence and unseaworthiness. A count based on maintenance and cure had been dismissed by the district court "except as to maintenance and cure claimed for the period of two years immediately preceding the filing of the libel." 186 F.2d at page 228. The United States did not appeal, so the court of appeals had no occasion to consider or discuss the action of the district court in allowing the libel to stand as to maintenance and cure accruing within the two-

year period. If the point had been presented for decision, we think this action of the district court would also have been affirmed, in view of the reasoning of Judge Maris in the McMahon opinion.

The decree of the District Court is affirmed as to the first and second causes of action set forth in the libel, and as to dismissal of so much of the cause of action for maintenance and cure as accrued prior to the two-year period preceding the date of the filing of the libel. With respect to so much of the cause of action for maintenance and cure as accrued within such two-year period, the decree of the District Court is vacated, and the cause is remanded to that court for further proceedings not inconsistent with this opinion.