## JOHNSON v. UNITED STATES.

### No. 50–39.

United States District Court,
D. Massachusetts.

July 2, 1951.

William J. Fitzgerald and Taylor & Foley, Boston, Mass., for plaintiff.

Edward O. Gourdin, Asst. U. S. Atty., Thomas H. Walsh, Boston, Mass., for defendant.

McCARTHY, District Judge.

This is an action in Admiralty by a seaman against the United States under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., for damages for personal injuries and for maintenance and cure.

The libel was filed June 14, 1950. Article Seventh alleges: "That between June 14, 1947, and August 10, 1947, the said S. S. Bent's Fort was on the high seas and that the libellant was working on said vessel and in the course of his employment sustained personal injuries and became ill as a result of his employment on said vessel". Article Eighth reads: "That the libellant was injured while lawfully upon the said vessel, and the libellant under the General Maritime Law is therefore entitled to maintenance and cure for a reasonable period of his disability, and that said expenses of his maintenance and cure during such disability amounts to the sum of * * *".

The respondent excepts on the ground that the two-year period of limi-

tations upon the right of action as set by the Suits in Admiralty Act expired prior to the filing of the libel. 46 U.S.C.A. § 745. This objection may be raised by exception. Alcoa Steamship Company v. United States, D.C., 94 F.Supp. 406, 408.

[redacted] Under the allegations of the libel it is obvious that no right of action for damages for personal injuries existed as of the date of the filing of the libel, since the limitation provision of the Act is jurisdictional and a condition to the assertion of the right which the Act creates. Kruhmin v. United States War Shipping Administration, D.C., 81 F.Supp. 689, 690, affirmed, 3 Cir., 177 F.2d 906, 907. The respondent's exception to the claim for damages for the personal injury is therefore sustained.

[redacted] On the other hand, liability for maintenance and cure is a continuing one, Parks v. United States, D.C., 90 F.Supp. 725, and may be asserted for the two year period immediately preceding the filing of the libel. Kruhmin v. United States, D.C., supra, 81 F.Supp. at page 690; McMahon v. United States; D.C., 91 F.Supp. 593, 595.

The exception is sustained as to the claim for maintenance and cure for the period predating June 14, 1948, and is overruled as to the claim for the period from and after June 14, 1948.