## DESMOND v. UNITED STATES.

United States District Court
S. D. New York.
June 9, 1952.

Harry Eisenberg, New York City, for libelant.

Myles J. Lane, U. S. Atty., New York City (Tompkins, Boal & Tompkins, New York City, of counsel), for respondent.

WEINFELD, District Judge.

Respondent, United States of America, has filed exceptions to the libel as barred by the two-year statute of limitations of the Suits in Admiralty Act, 46 U.S.C.A. § 745, and the Public Vessels Act, 46 U.S.C.A. § 782. Preliminarily, we consider libelant's attack upon the timeliness of the exceptions. The circumstances set forth in the affidavit of respondent's counsel are sufficient to explain the default, if any. Rule 11 of the Admiralty Rules for the Southern District of New York grants the Court power to extend its time requirements. Moreover, the exceptions raise an issue of jurisdiction which may be asserted at any time.[1] Accordingly, the respondent is relieved of any default.

We next consider the merits of the exceptions.

The libel alleges two claims against the respondent: (1) negligence for failure to provide proper medical care and treatment; and (2) maintenance and cure.

The negligence claim arises out of alleged failure to treat libelant properly after becoming ill, first while serving on one of respondent's vessels from November 26th, 1944 to January 26th, 1945, and again while employed on another of respondent's vessels from December 12th, 1945 to April 12th, 1946. The libel was not filed until February 14th, 1952, almost six years after the termination of the employment. In addition to allegations of failure and neglect of respondent to provide him with proper medical service during his illnesses while so employed on the two vessels, libelant further charges that "by reason of the fact that this failure to treat is a continuous and continuing tort which is still being committed against the libelant, this action for failure to treat is timely brought." The claim for maintenance and cure alleges the same facts.

The two-year statute of limitations contained in Section 5 of the Suits in Admiralty Act[2] is jurisdictional and the filing of the libel within the prescribed period after the cause of action arose is a condition precedent to recovery.[3]

The first cause of action, based on failure to furnish proper medical treatment, is independent of the cause of action for maintenance and cure.[4] It is based upon negligence and here libelant seeks to recover full indemnity or compensatory damages for the wrongful conduct of the employer. However, the claim for maintenance and cure, while also arising from the employer-employee relationship, is based upon an entirely different concept and is not dependent upon fault or negligence.[5]

Essentially, the negligence claim is based upon a breach of duty committed during the period of employment. The Jones Act (which the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., makes applicable to this suit)[6] granted a seaman this right of action, one unknown under the general maritime law, to recover damages for

1. His Majesty's Government v. Flying Arrow, D.C., 97 F.Supp. 182.

2. 46 U.S.C.A. § 745.

3. Osbourne v. United States, 2 Cir., 164 F.2d 767; Paschal v. North Atlantic & Gulf S. S. Co., D.C., 95 F.Supp. 293.

4. Pacific Steamship Co. v. Peterson, 278 U.S. 130, 138, 49 S.Ct. 75, 73 L.Ed. 220;

Cortes v. Baltimore Insular Lines, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368.

5. La Fontaine v. The G. M. McAllister, D. C., 101 F.Supp. 826.

6. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 791–792, 69 S.Ct. 1317, 93 L.Ed. 1692; Jensen v. United States, 3 Cir., 184 F.2d 72.

"personal injury in the course of his employment".[7] Thus, the duty, the breach of which may give rise to a cause of action under the Jones Act, is co-terminous with the duration of employment. The breach of duty must have been committed during such period,[8] and unless the action is commenced within two years after the occurrence (which in no event can be later than two years after the termination of employment), it is barred under Section 5 of the Suits in Admiralty Act.[9]

▮ The complaint here alleges that the negligent failure to treat occurred while the libelant was employed first on one and then on another of respondent's vessels, all the alleged acts of negligence having occurred prior to April 12th, 1946, the date when libelant's employment terminated. The action was not brought until six years later and is clearly barred. Such cause of action, if any, which may have existed in his favor is not revived nor is the statute tolled by the conclusory allegation that the tort is a "continuing" one and that for "the past two years the respondent has failed * * * to provide * * * proper medical care."

Nor is the statute tolled by reason of the continuing duty of a shipowner to provide maintenance and cure which may extend beyond the termination of employment [10] and until the injured seaman has reached his maximum possible cure.[11] Since the duty is to provide *proper* maintenance and cure [12] it is conceivable that a new cause of action based upon negligence may arise after the employment has terminated based upon a charge that the treatment so furnished was lacking in proper skill and care, thereby aggravating the original injury.[13] Where such a claim is asserted the libel is permitted to stand.[14] Since the libel in the instant case does not plead such a theory of negligence, it must be dismissed.

▮. We next consider the second claim which is for maintenance and cure. Since the duty to provide these extends until a seaman has reached his maximum possible cure, it is clear that even though a claim for negligence is barred, the claim for maintenance and cure may still be alive, at least in part. Therefore, the claim will not be dismissed in its entirety, but may be asserted for the two-year period prior to the filing of the libel.[15]

The motion to dismiss is granted with respect to any claim for maintenance and cure accruing prior to February 14th, 1950, and denied as to the claim after that date.

Settle order on notice.

7. 46 U.S.C.A. § 688.

8. Nolan v. General Seafoods Corporation, 1 Cir., 112 F.2d 515.

9. 46 U.S.C.A. § 745.

10. Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993.

11. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850.

12. The Bouker No. 2, 2 Cir., 241 F. 831, 835; La Fontaine v. The G. M. McAllister, supra, footnote 5 hereof.

13. See Restatement of Torts, Sections 457–459; Sauter v. New York Central and Hudson R. R. Co., 66 N.Y. 50; Jensen v. United States, supra, footnote 6 hereof.

14. Mayo v. United States of America War Shipping Administration, D.C., 82 F. Supp. 61; Christo v. United States, D.C., 83 F.Supp. 960; Ran v. Atlantic Refining Co., D.C., 87 F.Supp. 853; McMahon v. United States, D.C., 91 F. Supp. 593, affirmed 3 Cir., 186 F.2d 227, affirmed 342 U.S. 25, 72 S.Ct. 17. Cf. Kruhmin v. United States, 3 Cir., 177 F.2d 906.

15. MacInnes v. United States, 1 Cir., 189 F.2d 733; McMahon v. United States, supra, footnote 14 hereof; Kruhmin v. United States, D.C., 81 F.Supp. 689. Cf. Parks v. United States, D.C., 90 F.Supp. 725.