## DANSTRUP v. THE RICHMOND P. HOBSON et al.

### No. 19740.

United States District Court
E. D. New York.

May 28, 1953.

Silas Blake Axtell, New York City, for libellant.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., Xavier N. Sardaro, New York City,

Advocate (by Corydon B. Dunham, New York City, of counsel), for respondent.

GALSTON, District Judge.

This is a libel in admiralty alleging a cause of action for maintenance and cure, resulting from injuries sustained by the libellant as an employee of the respondent aboard its ship, the S. S. Richmond P. Hobson.

The injuries complained of occurred on or about October 9, 1944. Jurisdiction is based upon the Suits in Admiralty Act of March 9, 1920, as amended, 46 U.S.C.A. §§ 742 and 745, as amended.

The answer denies the allegations generally, but admits that the libellant signed articles on the Richmond P. Hobson as Chief Engineer, and was in the employ of the respondent on or about October 9, 1944. It also sets up a number of affirmative defenses, including res judicata, release, statute of limitations and estoppel by virtue of laches.

The Suits in Admiralty Act, supra, in authorizing suits against vessels of the United States, after making special provisions for certain causes of action arising prior to the effective date of the Act, prescribes that "all other suits hereunder shall be brought within two years after the cause of action arises". The present libel was filed on August 31, 1951. As noted, the injury complained of occurred on October 9, 1944. The libellant's employment as Chief Engineer on the Hobson was terminated on November 20, 1944. The libellant contends that since an earlier libel in admiralty against the Isbrandtsen Steamship Company for maintenance and cure, filed on June 8, 1948 in the Southern District of New York, was dismissed, on July 12, 1950, on the ground that Isbrandtsen acted solely as the general agent for the United States of America, and that the United States was the only employer of libellant, the filing of the present libel was timely by virtue of the December 13, 1950 amendment to the Suits in Admiralty Act, which provides:

"That the limitations contained in this section for the commencement of suits shall not bar any suit against the United States brought hereunder within one year after December 13, 1950, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, partnership, association, or corporation engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States or against the master of any such vessel". 46 U.S.C.A. § 745.

For the 1950 amendment to the Suits in Admiralty Act to become applicable, the prior suit must be "timely commenced". The libellant's prior suit of June 8, 1948 was commenced more than two years after the termination of his employment on the Hobson. If the present claim were one for personal injuries based upon negligence or unseaworthiness, it would appear that the present libel should be dismissed on the ground that the filing of the 1948 libel was not timely. However, the obligation of a shipowner to supply maintenance and cure to a seaman injured in the service of the ship is a continuing one under general maritime law. Therefore, although the libel was not brought within the limitation period provided by the Suits in Admiralty Act, the libellant is entitled to recover for maintenance and cure for the two year period prior to the date of the filing of the present libel. MacInnes v. United States, 1 Cir., 189 F.2d 733; Desmond v. United States, D.C., 105 F. Supp. 9.

The defense of res judicata is based upon the fact that an earlier civil complaint was instituted in the Southern District of New York by the libellant here against the Isbrandtsen Steamship Company on September 19, 1947. The complaint alleged three causes of action: (1) for negligence of Isbrandtsen, (2) for Isbrandtsen's neglect to treat the plaintiff, and (3) for maintenance and cure. After presentation of all the testimony, the defendant, Isbrandtsen, made a motion to dismiss the third cause of action for maintenance and cure. The court denied its mo-

tion. Following the denial of the defendant's motion, however, the plaintiff withdrew the third (as well as the second) cause of action and only the first cause of action, based upon negligence, was submitted to the jury. The evidence does not indicate that the defendant either objected to the plaintiff's withdrawal of the cause of action for maintenance and cure, or that such withdrawal was with prejudice. Moreover, as noted, the civil action was against Isbrandtsen, and the United States of America was not made a party. In the circumstances, it cannot be said that the verdict and judgment in the civil action, which was in favor of the defendant, constituted a bar to the present action.

There is, however, another matter which must be determined before the merits of the libellant's claim can be considered. By the terms of the "Clarification Act" of March 24, 1943, 50 U.S.C.A.Appendix, § 1291 et seq., officers and members of crews employed on United States vessels or foreign flag vessels as employees of the United States through the War Shipping Administration, are given all of the rights accorded to United States citizens employed as seamen on privately owned and operated American vessels, including the right to maintenance and cure. Section 1 of the Act also provides, as to claims of the kind here in question, that they

"shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act * * *. When used in this subsection the term 'administratively disallowed' means a denial of a written claim in accordance with rules or regulations prescribed by the Administrator, War Shipping Administration." 57 Stat. 46.

Pursuant to the foregoing statutory authority, the War Shipping Administration issued rules and regulations requiring as a condition precedent to instituting a court action that a claim be filed and "administratively disallowed" by the person or agency with whom it was filed. General Order No. 32, April 22, 1943, 8 Fed.Reg. 5414.

Prior to filing the present libel, the libellant instituted a libel in admiralty, on April 27, 1951, in the Southern District of New York against the S. S. Richmond P. Hobson and the United States of America, setting forth the same cause of action for maintenance and cure as in the instant case. The respondent, the United States, filed exceptions to the libel on the ground, among others, that the libellant had not given the written notice required by the pertinent statute and regulations in order to maintain the action. The hearing on the exceptions was held before Judge Sugarman on June 5, 1951. The court dismissed the libel, stating in its memorandum opinion that the dismissal was without prejudice to the commencement of another suit "upon compliance with administrative prerequisites."

In an effort, apparently, to fulfill the "prerequisites" which the court in the Southern District held were necessary, the present libel alleges in paragraph 14 as follows:

"That notice of this claim was forwarded to the Isbrandtsen Steamship Company, to the United States Attorney at 44 Broadway, New York, N. Y., to the Attorney General in Washington, D. C., and to the War Shipping Administrator on June 20, 1951, and that the said notice contained all the particulars with respect to this claim and constituted notice and compliance with the States (sic) and Regulations pertaining to seamen in the employ of the United States."

The respondent's answer states:

"Denies the allegations contained in Article '14' of the libel except that respondent admits that a letter on the letterhead of Silas Blake Extell dated June 20, 1951 addressed to 'Claims Agent, Isbrandtsen Steamship Co., 26 Broadway, New York' and signed by Richard Gyory, was received by Isbrandtsen Co., Inc. on or about June 22, 1951."

Thus, the allegations that the notice was sent and that it contained all the particulars of the claim, and that it constituted notice and compliance with the pertinent statutes and regulations, were put in issue by the pleadings.

On the trial, though, the libellant failed to put in evidence any proof to show that the alleged "notice" of the claim was a sufficient compliance with the pertinent statutes and regulations. Therefore, the required condition precedent to commencing this court action was not proved.

It may be noted that the rules and regulations referred to in the "Clarification Act", supra, are those prescribed by the Administrator, War Shipping Administration. Section 202 of Act of July 8, 1946, c. 543, Title II, 60 Stat. 501, terminated the War Shipping Administration as of September 1, 1946, and transferred all functions, powers, duties, etc., to the United States Maritime Commission for the purpose of liquidating the Administration. 50 U.S.C.A.Appendix, § 1291 note. By order of the United States Maritime Commission, effective September 1, 1946, all orders, regulations, etc., of the War Shipping Administration, which were in effect at the time of the transfer, were continued in effect. 46 CFR 687, Headnote to Subchapter G. Part 304 of Subchapter G of the regulations of the United States Maritime Commission incorporates General Order 32 of the War Shipping Administration referred to above.

The United States Maritime Commission was in turn abolished by Reorganization Plan No. 21 of 1950, effective May 24, 1950. 3 CFR, 1950 Supp., p. 173. The Plan established the Federal Maritime Board and the Maritime Administration and transferred the various functions of the Maritime Commission to these two new agencies. There was published in the Federal Register, issue of May 25, 1950, an order designated "Temporary Delegations of Authority Under Reorganization Plan No. 21 of 1950". Section 2(c) of this order reads as follows:

"Every regulation or other action which was made, prescribed, issued, granted or performed in respect of or by the United States Maritime Commission (to the extent the functions transferred to the Secretary of Commerce under Reorganization Plan No. 21 of 1950 are involved) or in respect of such functions, and which was in

effect immediately prior to the effective date of Reorganization Plan No. 21 of 1950, * * * is hereby adopted and confirmed and shall remain in full force and effect, except to the extent inconsistent with said Reorganization Plan No. 21 or this delegation, until superseded, amended, or revoked under appropriate authority."

This "Temporary Delegation" provides, in section 5 thereof, for its termination August 24, 1950.

On July 13, 1950, however, the Federal Register published an order of the Federal Maritime Board and Maritime Administration, setting up the permanent organization and functions of the agencies. Section 4 (d) thereof provides for a "Division of Claims" in the Maritime Administration, which is made responsible for analyzing and recommending the basis of settlement of all claims arising out of the wartime operations of the War Shipping Administration and the United States Maritime Commission. 15 F.R. 4454 et seq.

An examination of the Code of Federal Regulations, Title 46 and of the Federal Register indicates that Part 304 of Subchapter G of the regulations of the Maritime Commission, adopted and confirmed by the Maritime Administration, is not among the documents which have been "revoked, superseded or otherwise terminated."

The foregoing discussion of the history of the several agencies entrusted with the duty of handling seamen's claims against the United States shows a uniform attempt to conform to the expressed purpose of the "Clarification Act" to channel seamen's claims first to the proper administrative agency and then, from the agency's adverse action, to the courts.

■ It may be noted that what is at issue here is not only the failure to file a notice of claim, but whether the notice allegedly filed met "every detailed requirement for a written claim". Legislation concerning seamen's injuries and for maintenance and cure has always been construed with extreme liberality in their favor. Aguilar v. Standard Oil Co. of New Jersey, 318 U.S. 724, 129, 63 S.Ct. 930, 87 L.

Ed. 1107. Depending upon the circumstances shown, what can be regarded as the minimum of proof required to show that a notice of claim has been satisfactorily filed may well vary. However, it must be kept in mind that the question here is more than a technical failure to follow an administrative regulation, but involves the proper fulfillment of a statutory condition to bringing an action against the United States. In the circumstances, it cannot be said that an entire lack of proof of the nature of the alleged notice of claim can be construed as even a bare minimum of the proof required.

The failure to present any proof is a substantial defect and requires that the court dismiss the libel on the ground of lack of jurisdiction. Rodinciuc v. United States, 3 Cir., 175 F.2d 479, certiorari denied, 338 U.S. 895, 70 S.Ct. 234, 94 L.Ed. 550; Fox v. Alcoa, S. S. Co., 143 F.2d 667, certiorari denied 323 U.S. 788, 65 S.Ct. 313, 89 L.Ed. 628.

Appropriate findings of fact and conclusions of law will be filed concurrently with this opinion.