**John J. HANDLEY, Libellant,**

v.

**UNITED STATES of America,
Respondent.**

United States District Court,
S. D. New York.

Dec. 27, 1954.

George J. Engelman, New York City,
for libellant.

J. Edward Lumbard, U. S. Atty., New
York City, by Dougherty, Ryan & Ma-
honey, New York City, of counsel, for
respondent.

EDELSTEIN, District Judge.

The libellant has brought an action
against the United States under the
Suits in Admiralty Act, 46 U.S.C.A. §
741 et seq., based upon a personal in-
jury alleged to have occurred on October
1, 1952, while he was employed as a sea-
man aboard a vessel owned by the re-
spondent. The United States excepts to
libel and moves to dismiss on the ground
that it is jurisdictionally defective, the
libellant having failed to plead the facts
of administrative disallowance of his
claim. Rodinciuc v. United States, 3
Cir., 175 F.2d 479.

The libellant cites Burton v. United
States, D.C., 109 F.Supp. 139 for the
proposition that administrative disal-
lowance is no longer required, and the
respondent cites the subsequently de-
cided Danstrup v. The Richmond P.
Hobson, D.C., 112 F.Supp. 851 for the
contrary proposition. In the former,
Judge Sugarman decided that the amend-
ment to the Suits in Admiralty Act, 46
U.S.C.A. § 745, extending the limitation
period until Dec. 13, 1951, in order to
remedy the situation of a limited class
of seamen resulting from the decision
of Cosmopolitan Shipping Co. v. McAl-
lister, 337 U.S. 783, 69 S.Ct. 1317, 93
L.Ed. 1692, excluded the requirement of
administrative disallowance of claims.
He also expressed the opinion, 109 F.
Supp. at page 143, that the requirement
in the Clarification Act, Public Law 17,
78 Cong., 57 Stat. 45, 50 U.S.C.A.Ap-
pendix, §§ 1291–1295, for administrative
disallowance and the War Shipping Ad-
ministration's regulations on the require-
ment "at most, prevailed only until two
years [after the demise of the Adminis-
tration on August 31, 1946] in order to
cover in, under the two year statute
of limitations in the Suits in Admiralty
Act, claims arising before the Admin-
istration ceased to exist." Judge Gal-
ston in the Danstrup case held that a
seaman, likewise suing under the ex-
tended limitation amendment, was bound
by the requirement of administrative
disallowance. His decision was based
upon an analysis of the history of the
several agencies entrusted with the duty
of handling seaman's claims against the
United States, showing "a uniform at-
tempt to conform to the expressed pur-
pose of the 'Clarification Act' to chan-
nel seamen's claims first to the proper
administrative agency and then, from
the agency's adverse action, to the
courts." [112 F.Supp. 854.] However,
the case deals with an injury which
occurred in 1944, and he appropriately
cited an order of the Federal Maritime

Board and Maritime Administration providing for a "Division of Claims" in the Maritime Administration, which is made "responsible for analyzing and recommending the basis of settlement of claims in favor of and against the Administration arising from the *wartime operations* of the former Maritime Commission and War Shipping Administration * * *." (Emphasis supplied.) 15 Federal Register 4455, § 4(d). However pertinent the analysis is to the injury in 1944, it is, I feel, not pertinent to the injury in 1952. For injuries of such a date the administrative history does not disclose a "uniform attempt to conform to the expressed purpose of the Clarification Act" in providing for the requirement of administrative disallowance of claims prior to resort to the courts.

Accordingly, the respondent's exception will be overruled and the motion to dismiss denied.