### NACIREMA OPERATING COMPANY, Inc.

v.

### THE Steamship VIRGINIA and Rederi A/B Virginia and Beviara Steamship Company, Inc.

United States District Court
S. D. New York.
Jan. 3, 1956.

the question of libelant's exercise of reasonable diligence.

 Motions of this nature should be sparingly granted and then only when the allegations of the libel do not make out a case.[1]

That question of libelant's reasonable diligence can be answered only at a trial.[2]

The exceptions and exceptive allegations are overruled and the motion to dismiss is denied. Let claimant answer pursuant to Local Admiralty Rule 11.

It is so ordered.

Haight, Gardner, Poor & Havens, New York City, Proctors for claimant Tallman Bissell, New York City, of counsel.

Dow & Symmers, New York City, Proctors for libellant William A. Wilson, New York City, of counsel.

SUGARMAN, District Judge.

The fundamental question posed by this motion to dismiss the libel as to the S.S. Virginia *in rem* is whether the libelant made reasonable effort to ascertain whether the one ordering the stevedoring, for which recovery is sought, had authority to bind the ship.

Captain Astrom deposes that he "was never asked by anyone on behalf of the stevedore regarding the charter party relationship between the owner and the charterer of the Virginia" and that if he had he would "have shown them a copy of the charter and called to their attention paragraph 18 of the charter by reason of which charterers could not incur a lien on the ship".

Inasmuch as there was a subsequent subcharter which contained no counterpart of paragraph 18 of the charter, the fact that no one asked the captain about the relationship between the owner and the charterer does not of itself resolve

1. Mayo v. United States War Shipping Administration, D.C.E.D.Pa., 82 F.Supp. 61; Chisto v. United States, D.C.E.D. Pa., 83 F.Supp. 960.

2. Sprague & Son Co. v. Howard, D.C. N.J., 68 F.Supp. 348, 349.