## PARKER v. UNITED STATES.

### No. 19755.

United States District Court
E. D. New York.

Dec. 26, 1951.

Allinson & Gerzoff, Freeport, N. Y., proctors for libelant, by Lewis Allinson, Freeport, N. Y., advocate.

Frank J. Parker, U. S. Atty., for Eastern District of New York, Brooklyn, N. Y., and Kirlin, Campbell & Keating, New York City, proctors for respondent, by Thomas Coyne, New York City, advocate.

KENNEDY, District Judge.

This is a motion to dismiss a libel on the ground that the Twelfth Article does not bring the case within the saving clauses of Public Law 877, which is an amendment to the Suits in Admiralty Act, 46 U.S.C.A. § 745.

The facts are that originally the suit was commenced in Nassau County Supreme Court against the United States Lines. There was some discussion between the attorneys concerning the possibility of liability of the United States Lines despite the decision in McAllister v. Cosmopolitan

Shipping Company, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692. However, plaintiff in the State court action ultimately discontinued his action, and his counsel assured me on the argument that the sole reason for the discontinuance was the McAllister case which he acknowledges applies to the situation here and therefore shields the United States Lines against liability.

The only question, therefore, that arises on this motion is as to what construction is to be given to Public Law 877, and specifically whether the plaintiff, who wishes to discontinue because of the McAllister case, nevertheless is unable to sue the United States unless he goes through the empty form of a dismissal. Inasmuch as Public Law 877 was intended to protect suitors who erroneously brought suit against the general agent, in other words, is remedial legislation, I hold that under Public Law 877, a discontinuance is equivalent to a dismissal, so the motion is denied.