**COHEN v. UNITED STATES.**

No. 187, Docket 22257.

United States Court of Appeals Second Circuit.

Argued Feb. 15, 1952.

Decided April 8, 1952.

---

George Halpern, New York City, of counsel, for libelant-appellant.

Myles J. Lane, U. S. Atty., New York City, Martin J. Norris, Attorney, Department of Justice, New York City, for respondent-appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

.The libelant was injured on January 6, 1945 when the vessel on which he was serving as a messman, the S.S. Isaac Shelby, struck a mine in waters near Naples, Italy. The ship was owned by the United States and was being operated by a general agent under the standard form of General Agency Service Agreement, GAA-4-4-42.[1]

The messman sued both the general agent and the United States in the District Court for the Southern District of New York on January 30, 1947 to recover for his injuries but at that time the two year statute of limitations [2] barred the suit against the government and the libel against the United States was dismissed for that reason. The suit against the general agent was not time barred, the statute of limitations for suits against it being three years,[3] but the libel against it was dismissed, following Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, on the ground that the general agent was not a proper party.

On June 1, 1951, this suit was brought against the United States on the same cause of action in reliance upon the amendment to Section 745 of Title 46 U.S.C.A. which became effective on December 13, 1950, P.L. 877, 81st Cong., 2d Sess., and provides, in so far as now pertinent, that, " * * * the limitations contained in this section for the commencement of suits shall not bar any suit against the United States brought hereunder within one year after December 13, 1950, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, partnership, association, or corporation engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States or against the master of any such vessel: * * *."

The trial judge held that this amendment was inapplicable since the first suit had been

1. 46 C.F.R.Cum.Supp. § 306.44.

2. 46 U.S.C.A. § 745.

3. 46 U.S.C.A. § 688.

brought not only against the general agent but also against the government and, having been dismissed against the United States because barred by the statute of limitations then effective, that suit was not "dismissed solely because improperly brought against" the general agent. The libel was accordingly dismissed and the libelant has appealed.

If the above statute does not apply, it is plain that the dismissal of the former suit against the government is *res adjudicata* and that this appeal is futile but, if applicable, the amendment creates a new period of limitation and the former dismissal on that ground is unavailable as a defense.

 While it is well settled that statutes permitting the government to be sued are to be construed strictly, McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17, the overriding consideration is that the intent of Congress, where that can be determined, must be given effect. Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; Guiseppi v. Walling, 2 Cir., 144 F.2d 608, 624, 155 A.L.R. 761, affirmed 324 U.S. 244, 65 S.Ct. 605, 89 L.Ed. 921; Johnson v. United States, 1 Cir., 163 F. 30, 18 L.R.A.,N.S., 1194. It appears to us the intent of Congress was that the amendment should apply to this situation. It is well known [4] that the amendment was passed to give a remedy against the government to suitors who had been defeated because they had sued others than the government in the belief that they were proper parties and liable under the law as apparently laid down in Brady v. Roosevelt S. S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L. Ed. 471 and Hust v. Moore-McCormack Lines Inc., 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534 which we supposed we were right in following in our decision which was reversed in Cosmopolitan Shipping Co. v. McAllister, supra. Had the first suit brought by this appellant been only against the general agent the amendment would, of course, have verbally fitted this situation precisely. But, because the United States was also sued and took advantage of the time bar to secure a dismissal for that reason, the verbal fit is not quite so exact since the suit, as a whole, was dismissed on two grounds, each applicable only to one defendant. Nevertheless, it is plain that this prior suit, insofar as the general agent was concerned, was dismissed solely because it was not a proper party. We think that the word "solely" was used in the statute to limit the effective ground of dismissal as to the general agent to a dismissal because it was an improper party as distinguished from a dismissal as to it for any other reason as, for instance, one on the merits. The amendment was remedial in its purpose and the factors required for its application are that a prior suit against the general agent be dismissed only because the general agent was not a proper party and that, after such dismissal, a suit against the United States would be barred by the statute of limitations in effect before the amendment. Both of these requirements are here met and we think it is immaterial that the joinder of the United States in the prior suit, when an action against it was already time barred, resulted in a dismissal as to it for that reason.

Order reversed and cause remanded.

---

4. See 1950 U.S.Code Cong.Service, p. 4209.