## MERLINO et al. v. UNITED STATES.

United States District Court
S. D. New York.
May 26, 1952.

Arkin, Lebovici & Kottler, New York City, for libelants.

Myles J. Lane, U. S. Atty., New York City, Haight, Deming, Gardner, Poor & Havens, New York City, J. Ward O'Neill, William P. Kain, Jr., New York City, of counsel, for respondent.

WEINFELD, District Judge.

This is a suit by Vittoria Merlino for personal injuries sustained while a passenger on the SS Marine Perch, and by her husband, Rocco Merlino, for loss of services. The Government excepts to the libel on the ground that it "fails to allege necessary jurisdictional facts required by Section 745 of Title 46 U.S.C.A."

A prior action was brought by the libelants upon the same claims against American Export Lines, Inc., the general agent of the vessel, in reliance upon the holding in Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534, that the general agent was the proper party defendant. That action was dismissed following the decisions of the Supreme Court overruling the Hust case in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, and Weade v. Dichmann, Wright & Pugh Co., 337 U.S. 801, 69 S.Ct. 1326, 93 L.Ed. 1704, on the ground that the United States as the owner of the vessel, rather than the general agent, was the proper defendant.

The instant suit was instituted on April 17, 1951, against the United States pursuant to the recent amendment to the Suits in Admiralty Act, 46 U.S.C.A. § 745, which

was enacted as an aftermath to these decisions, and which provides:

"* * * That the limitations contained in this section for the commencement of suits shall not bar any suit against the United States brought hereunder within one year after December 13, 1950, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, * * * engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States or against the master of any such vessel". 46 U.S. C.A. § 745.

The Government contends that the failure of the libel to allege the name of the general agent against whom the prior action was brought, the title of that action, the name of the Court in which it was instituted, and that the action was dismissed or was about to be dismissed solely because improperly brought against the wrong party, renders the libel jurisdictionally defective. It relies upon those cases which hold that statutes granting the right to sue the sovereign must be strictly construed in its favor, [1] and those holding that a libel not filed within the two-year limitation period of the Suits in Admiralty Act is jurisdictionally defective.[2] With respect to the latter argument it claims that since the amendment appears in the limitations section of the Act, the failure to allege facts to show that the suit was instituted within the statutory period is a jurisdictional defect. Libelants cross-move for leave to file an amended libel pleadings such facts.

■■■ The purpose of the amendment was "to save to litigants possessing meritorious claims their right to a day in court." Senate Report 1782, 81st Congress, Second Session, 1950. It was intended to prevent the injustice which would follow to injured persons who filed suits in reliance upon the authority of the Hust case. Indeed, the Senate Committee was rather vehement in stating the underlying reason for the Act.[3] Accordingly, the amendment should be construed so as to achieve its clearly intended objectives. To apply a strict construction because the United States is the defendant would defeat, rather than achieve, the purpose of the legislative enactment. The cases relied upon by the Government have no application to the present situation. The right to sue is clear and the omission to allege that a prior suit had been brought and dismissed is not fatal. The general policy of the law,[4] that amendments shall be freely allowed in order that justice may be done, is as applicable to the Government as the defendant as it is to any other defendant.

The exceptions are overruled. The cross-motion of libelants for leave to serve the proposed amended libel is granted. Settle order on notice.

1. United States v. Clyde-Mallory Lines, 5 Cir., 127 F.2d 569, affirmed Clyde-Mallory Line v. The Eglantine, 317 U.S. 395, 63 S.Ct. 294, 87 L.Ed. 355; Baltimore Mail S. S. Co. v. United States, 4 Cir., 76 F.2d 582, certiorari denied 296 U.S. 595, 56 S.Ct. 111, 80 L.Ed. 421; The S. S. Samovar, D.C., 72 F.Supp. 574.

2. Abbattista v. United States, D.C., 95 F. Supp. 679; Paschal v. North Atlantic & Gulf S. S. Co., D.C., 95 F.Supp. 293; Sloand v. United States, D.C., 93 F.Supp. 83; Kruhmin v. United States War Ship-ping Administration, D.C., 81 F.Supp. 689, affirmed 3 Cir., 177 F.2d 906.

3. "The Committee believes that litigants should not be made the victims of the legal confusion regarding the proper remedy in such cases, * * *." Senate Report 1782, 81st Congress, Second Session, 1950.

4. Rule 23, Rules of Practice in Admiralty and Maritime Cases, 28 U.S.C.A.; Deupree v. Levinson, 6 Cir., 186 F.2d 297; The S. S. Nea Hellis, 2 Cir., 116 F.2d 803.