## KALIL v. UNITED STATES.
### No. 19688.

United States District Court
E. D. New York.

Oct. 22, 1952.

Jacob Rassner, Jack Steinman, New York City, for libellant.

Frank J. Parker, U. S. Atty., Brooklyn (Hunt, Hill & Betts and George S. Bernhard, New York City, of counsel), for the United States.

BYERS, District Judge.

The respondent has filed exceptive allegations to the libel and moved to dismiss on the ground that the action is not within the purview of the 1950 Amendment to

---

Section 5 of the Suits in Admiralty Act, 46 U.S.C.A. § 745.

The following dates are not in dispute:

May 25, 1951, this libel was filed.

October 18, 1949, Admiralty cause 36–404 in the Southern District entitled, Kalil v. Standard Fruit & Steamship Co., was dismissed for lack of prosecution under Rule 30 (Southern District) "without prejudice and without costs."

That action was against a general agent and the complaint was filed June 19, 1946 and issue joined September 23, 1946.

On March 15, 1948, pursuant to stipulation, that cause was marked "off the calendar" subject to five days' restoration.

On June 3, 1949 it appeared on the special calendar under Rule 30 of the Southern District for dismissal for non-prosecution, and upon the calendar call, the plaintiff being represented, the Court directed dismissal unless further action were taken within the ensuing ninety days. No further action having been taken, the order of October 18, 1949 was filed and a copy thereof was mailed by the Clerk of the Court to the attorneys for the respective parties.

The personal injuries alleged in that action were said to have been suffered on September 29, 1945, and hence the first suit was timely; if the dismissal had been ordered "solely because improperly brought against any corporation engaged by the United States to manage and conduct, etc.," a new action within the year ended December 12, 1951 also would have been timely, which embraces May 25, 1951, the date first mentioned.

█ The question for decision is whether a dismissal for want of prosecution was saved by the amendatory legislation designed to preserve the rights of suitors who sought recovery from the wrong respondent in reliance upon Hust v. Moore-McCormack Lines, Inc., 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534. There is a manifest difference between a suitor who has mistaken his remedy and one who has persisted in refusing to pursue the remedy which he has chosen to seek. It was the former that Congress sought to assist, since the mistake was caused by judicial interpretation which turned out not to be ultimately definitive.

A complication is urged in opposition to this motion by reason of the condition of the libellant who is a mental patient in the Kings Park State Hospital and has been since August 14, 1946; his condition is unimproved and he is said to be in need of continuous care and treatment although he has not been judicially declared to be mentally incompetent.

This means that within three months after the original complaint was filed, the plaintiff's attorney was in a position to seek to have his incompetence judicially established and that condition must certainly have been known on June 3, 1949 when the dismissal was ordered.

The libel (filed May 25, 1951) was verified by proctor "because the libellant is presently without the County wherein deponent has his office," which was true enough as far as it went, but scarcely informative; also it is consistent with a knowledge of the client's whereabouts, that is, his mental infirmity.

█ In dealing with statutory causes, the stated period of limitation is of the substance of the cause, and is not tolled by infancy, Sgambati v. United States, 2 Cir., 172 F.2d 297, to which insanity is the equivalent.

It can be considered for the sake of argument, however, that the libellant is in the same position, for the purpose of these exceptions, as though a committee of his estate had been duly appointed before the dismissal, and substituted as the plaintiff in the original action; that such committee had been named in the order of October 18, 1949 and had then instituted this cause by filing the instant libel. In such assumed circumstances the question would still recur as to whether the original cause was dismissed "solely because improperly brought * * *." Tit. 46 U.S.C. § 745, Suits in Admiralty Act, § 5, as amended December 13, 1950.

█ The answer must be in the negative, in light of the history stated above, since the reservation embodied in the words "without prejudice" was a declaration that

the dismissal was not on the merits, i. e., an adjudication; but that was not to say that it was granted "solely because" the wrong defendant was named. If a new cause had been laid against the general agent, later in time than the order dated October 18, 1949, by a committee of Kalil, and later dismissed in the light of the decision in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, and then a new cause against the United States had been timely instituted under the 1950 Amendment above cited, it would not have been defective for the reasons pointed out in these exceptions.

Since no such procedure was adopted, this motion cannot be disposed of as though it had. Nor are the facts comparable to those in Cohen v. United States, 2 Cir., 195 F.2d 1019.

Motion granted.