## CATALDO v. UNITED STATES.

United States District Court,
S. D. New York.
Nov. 26, 1952.

Paul C. Matthews, New York City, for libellant.

Myles J. Lane, U. S. Atty., New York City, and Burlingham, Veeder, Clark & Hupper, New York City, for respondent.

IRVING R. KAUFMAN, District Judge.

Four exceptions are raised to the amended libel. Exceptions (a) and (c) will be dealt with first.

The respondent urges that since a prior action entitled "Donato Cataldo v. North Atlantic & Gulf Steamship Co., Inc." Civil Docket No. 41–561, was not dismissed solely because improperly brought against the general agent of the respondent but for lack of prosecution, that the instant suit is time barred.

Public Law 877, enacted December 13, 1950, amended the Suits in Admiralty Act to extend for a period of one year following December 13, 1950, the time within which suit might be brought thereunder

"if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any * * * corpo-

ration engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States * * *." 46 U.S.C.A. § 745.

The docket entries in the office of the Clerk of this Court reflect the following entry for December 15, 1950: "Filed order dismissing cause for lack of prosecution." This inscription then follows: "Knox, J. (filed in Civ. 42–69)." I have examined the file in Civ. 42–69 and I can see no relationship whatsoever between that case and Civ. 41–561. Indeed, in Civ. 42–69, I find an order vacating the order of dismissal for lack of prosecution.

I am led to the conclusion that this action was properly brought in accordance with Public Law 877.

The amended libel alleges in Paragraph Ninth the following:

"That a timely civil action, Civil 41–561, was commenced in the United States District Court for the Southern District of New York by the libellant in this case against the defendant, North Atlantic & Gulf Steamship Co., Inc., the general agent of the steamship 'Abner Nash', and the civil action was dismissed under the authority of Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783 [69 S.Ct. 1317, 93 L.Ed. 1692] solely because it was improperly brought against the general agent."

It is apparent that on the face of the libel, the libellant has brought himself within the provisions of Public Law 877. The respondent urges by way of its brief that the notation in the court docket that the action was dismissed for lack of prosecution is sufficient to exclude this case from Public Law 877, for, the respondent argues, it follows that the previous action against the general agent was not dismissed *solely* because improperly brought.

The libellant submits an affidavit of Archibald F. McGrath, an attorney associated with the proctor for the libellant, in reply to this contention. Mr. McGrath states:

"On December 1, 1949, said Civil Action was No. 367 on the Civil Jury Calendar of this Court and was on the Ready Calendar. On that date, I called the late Hunter Merritt, Esq., who was handling this matter in the office of the proctor for the respondent herein, and asked him whether, in view of the fact that this case was a civil action brought against a general agent, and in view of the decision of the Supreme Court in the case of Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783 [69 S. Ct. 1317, 93 L.Ed. 1692], he would be agreeable to a stipulation marking said action off the Day Calendar of this Court, subject to restoration upon five days notice. He consented to such stipulation, which was signed on December 7, 1949.

"On December 8, 1950, this case was called on the Dismissal Calendar of this Court. In view of the state of the law at that time, I instructed my assistant to allow the action to be dismissed. Although the order of dismissal provided that the case was dismissed for lack of prosecution, the reason for this lack of prosecution was the McAllister case, and no other reason."

The explanation of Mr. McGrath is most reasonable. In view of the McAllister ruling and his conversations with Mr. Merritt, it would be likely that proctor would permit the case to be dismissed on the call of the general dismissal calendar of this court. The motivation, it appears quite clearly, was the McAllister case. Furthermore, it is not disputed that the dismissal was not a dismissal on the merits.

■■■■. Respondent refers me to Cohen v. United States, 2 Cir., 1952, 195 F.2d 1019. A reading of that case fortifies my belief that the amended libel should stand. Judge Chase, writing for the Court, stated, 195 F.2d at page 1021:

"It is well known that the amendment was passed to give a remedy against the government to suitors who had been defeated because they had sued others than the government in the belief that they were proper parties and liable under the law as apparently laid down in Brady v. Roosevelt S.S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471 and Hust v. Moore-McCor-

mack Lines, Inc., 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534 * * *."

Further, Judge Chase stated:

"We think that the word 'solely' was used in the statute to limit the effective ground of dismissal as to the general agent to a dismissal because it was an improper party as distinguished from a dismissal as to it for any other reason as, for instance, one on the merits."

Weilbacher v. J. H. Winchester & Co., 2 Cir., 1952, 197 F.2d 303, cited by respondent is also inapposite. Judge Augustus N. Hand, writing for the Court, pointed out that dismissal of the prior action was on the merits and

"it is clear that the Enabling Act did not afford any relief in that situation." 197 F.2d at page 304.

 Inasmuch as I am convinced that the dismissal of the first action against the general agent "for lack of prosecution" resulted solely from the McAllister case, I hold that the instant suit has been properly instituted, under the remedial legislation, Public Law 877. Parker v. United States of America, Kennedy, J., D.C.E.D.N.Y. 1951, 104 F.Supp. 814, 1952 A.M.C. 303.

Exceptions (a) and (c) are overruled.

(b) The respondent further excepts to the amended libel on the ground that it was not timely served, in that it was served several days beyond the time allowed in an order of Judge McGohey of this Court. The order permitted the amended libel to be served on or before August 29, 1952.

On August 1, 1952 the libellant served on the proctors for the respondent "a notice of amendment" to the libel. No objection was made to this "notice" at the time it was served. When no answer was forthcoming by the early part of September, 1952, proctor for libellant called this to the attention of the proctors for the respondent and was informed that the "notice" was being disregarded as insufficient and that an amended libel would be necessary. On September 11, 1952, libellant's proctor served and filed an amended libel to which this exception is directed.

It would be an injustice, indeed, to defeat the libellant's right to a determination on the merits upon a ground so narrow.

Rule 23 of the Admiralty Rules, 28 U.S.C.A., provides:

"In all informations and libels in causes of admiralty and maritime jurisdiction, amendments in matters of form may be made at any time, on motion to the court, as of course. And new counts may be filed, and amendments in matters of substance may be made, on motion, at any time before the final decree, on such terms as the court shall impose. And where any defect of form is set down by the respondent or claimant upon special exceptions, and is allowed, the court may, in granting leave to amend, impose terms on the libellant."

 Volume 2, Benedict on Admiralty, page 556 et seq. discusses the policy of the admiralty courts and it is clear from it that it has always been the practice in the American admiralty courts to allow the widest latitude in pleading to the parties, so that the case may be placed before the court, in toto, on its merits, without permitting mere technicalities to interfere with this right.

At page 557 Benedict states that it has always been the policy of American admiralty courts

"never to allow a party to overcome his adversary by the mantraps and spring guns of covert chicanery, or by the surprises and technicalities of mere pleading or practice. Therefore, on proper cause shown, omissions and deficiencies in pleadings may be supplied and errors and mistakes in practice, in matters of substance as well as of form, may be corrected at any stage of the proceedings, for the furtherance of justice."

It is further stated at page 560, that "Amendments may be made on application to the court at any time, as well after as before decree * * *."

 It is well established that the admiralty practice is liberal and rests in the

sound discretion of the court. U. S. Fidelity & Guaranty Co. v. U. S., D.C.S.D.N.Y. 1945, 63 F.Supp. 114, 1945 A.M.C. 747; Ching Yew Hong v. U. S., D.C.E.D.N.Y. 1945, 65 F.Supp. 40, 1946 A.M.C. 97; Vogeman v. Raeburn, 2 Cir., 1910, 180 F. 97; Galatis v. Galatis (The Miss Nassau,) 5 Cir., 1932, 55 F.2d 571.

Furthermore, it is also established that an amendment of a libel in admiralty dates back to the original filing. Deupree v. Levinson, 6 Cir., 1950, 186 F.2d 297, certiorari denied 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1351.

Substantial justice requires that the "notice of amendment" should be construed as the equivalent of the actual amended libel, or, in the alternative, if default was suffered in the filing of the amended libel by the 12 day lapse of time, the default may be cured, and the time within which the amended libel may have been served should be considered extended nunc pro tunc to the date of the actual filing and service of the amended libel.

Exception (b) is, therefore, overruled.

Exception (d) asserts that the amended libel is not verified. This exception will be sustained and the libellant is directed to verify the amended libel within ten days after service of a copy of the order to be settled hereon.

Settle order on notice.