## SORIANO v. AMERICAN LIBERTY S. S. CORP.

No. 6678.

United States District Court
E. D. Pennsylvania.

Nov. 26, 1952.

Joseph R. McCarthy, Warren E. Magee, Edward B. Williams, all of Washington, D. C., for plaintiff.

Van Arkel & Kaiser, Washington, D. C., for defendant.

Stark & Goldstein, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

WELSH, District Judge.

This is a motion of the plaintiff, Frank Soriano, to set aside a judgment of dismissal entered against him by the Clerk of Court and to reinstate the above-entitled action.

The complaint, which seeks damages, wages and maintenance and cure on account of injuries allegedly sustained by the plaintiff while serving on board the Steamship "John LaFarge", was filed against the defendant, American Liberty Steamship Corporation, on December 9, 1946. The defendant filed an answer to the complaint on December 31, 1946, and on January 3, 1947 the plaintiff filed an order to place the case on the trial list. Plaintiff filed interrogatories on June 8, 1949, and plaintiff's counsel states in his brief that plaintiff, pursuant to defendant's request, submitted for pre-trial oral and physical examinations on June 9, 1949 and June 10, 1949 respectively (we accept counsel's statement as proof of those facts). No further proceeding was taken by either plaintiff or defendant. On January 3, 1952, plaintiff's counsel received a notice from the Clerk of Court advising him that the case had been dismissed for want of prosecution under the Local Rule. Said Local Rule provides: "Every civil action in which no proceeding has been taken for a period of two consecutive years shall, immediately upon the expiration of such two year period, be deemed to have been abandoned and stand dismissed, and the Clerk shall thereupon, without special order, enter upon the record 'Dismissed Under The Rule' * * *." The present motion followed on January 12, 1952.

Under Rule 60(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C., this Court has the power to relieve a party from a final judgment if it is shown, inter alia, that the judgment was occasioned by the inadvertence of counsel. In our opinion, that has been shown in the present case and accordingly we grant the relief sought by the instant motion. See Judge Grim's order in Mandras v. Arnold Bernstein Steamship Corporation. The circumstances in support of our conclusion briefly stated are as follows: This case which was brought against the General Agent of the United States (as well as possibly hundreds of other General Agency cases) because of various decisions of this Court and other Courts was held in abeyance insofar as the trial on the merits was concerned for approximately one year pending the decisions of the United States Supreme Court in Cosmopolitan Shipping Company, Inc., v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L. Ed. 1692 and Gaynor v. Agwilines, Inc., 337 U.S. 810, 69 S.Ct. 1330, 93 L.Ed. 1709 Those cases, decided June 27, 1949, held that an action against the General Agent of the United States could not be maintained since it is not a proper party. Subsequent to these decisions a conference was arranged by Chief Judge Kirkpatrick with the members of the Admiralty Bar. At said conference counsel who were present agreed on a form of order for the dismissal of cases brought against General Agents. On January 11, 1950, defendant's counsel in connection with the present case wrote a letter to plaintiff's counsel which stated in part: "Will you please advise whether you will agree to a voluntary dismissal of that action or whether we must file a motion for summary judgment." With said letter defendant's counsel failed to enclose a copy of an order dismissing the action on the basis of the holding in Cosmopolitan Shipping Company, Inc. v. McAllister and Gaynor v. Agwilines, Inc., supra. The procedure adopted in this case by defendant's counsel was not in conformity with the custom that developed subsequent to the aforesaid conference. It became the practice, as we understand it, to move for the dismissal of an action brought against a General Agent of the United States upon the authority of the Cosmopolitan and Gaynor cases by submitting an appropriate order therefor. Plaintiff's counsel received the letter in question on January 12, 1950, and endeavored to communicate with defendant's counsel on January 13, 1950 and again on January 16,

1950, and on each occasion left word for defendant's counsel to communicate with him. Plaintiff's counsel failed to hear from defendant's counsel and frankly admits that he thereafter inadvertently allowed the matter to escape his attention. No further action was taken by defendant's counsel after transmission of the January 11, 1950 letter and no order based on the Cosmopolitan and Gaynor cases or otherwise was ever submitted by defendant's counsel to plaintiff's counsel.

The dismissal of this action under the Local Rule for want of prosecution, it seems to us, was occasioned by the failure of defendant's counsel to proceed for its dismissal by an appropriate order based upon the holding in the Cosmopolitan and Gaynor cases and the inadvertence of plaintiff's counsel in overlooking that failure. We will not permit those reasons to sustain the dismissal under the Local Rule for want of prosecution, for to do so would be to penalize the plaintiff. This we refuse to do in view of the circumstances that the plaintiff is without fault in the situation and has shown, particularly by giving the defendant full and complete discovery, his interest in and desire to prosecute this case.

It should be mentioned at this point that plaintiff agrees that if we grant his motion (and as has been seen we do) this case can be dismissed by the entry of an order based on the holding in the Cosmopolitan and Gaynor cases. Plaintiff's agreement in this respect is undoubtedly prompted by his desire to protect his rights under Section 5 of the Suits in Admiralty Act, 46 U.S.C. A. § 745, as amended December 13, 1950. The purpose of the amendment to Section 5 was to afford relief to those persons whose claims against General Agents of the United States had been extinguished by the holding in the Cosmopolitan and Gaynor cases. Under said amendment a party has the right to institute suit against the United States within one year after December 13,

1950, the effective date of the amendment, provided a prior suit or action against the General Agent of the United states had been timely commenced and provided further that said suit or action is subject to dismissal or has been dismissed solely because it had been improperly brought against the General Agent. Pursuant to said amendment, plaintiff, on December 12, 1951, brought suit against the United States. It is therefore clear that said suit against the United States can be maintained only if it is shown that the instant action against the General Agent is subject to dismissal or has been dismissed solely because it was improperly brought against the General Agent; but it may not be maintained if it is shown that the instant case has been dismissed under the Local Rule for want of prosecution.

It is the contention of plaintiff's counsel that the Local Rule here involved is ineffective since it is in conflict with that part of Rule 41(b) of the Federal Rules of Civil Procedure which provides "For failure of the plaintiff to prosecute * * * a defendant may move for dismissal of an action or of any claim against him". In view of our holding, supra, we deem it unnecessary to comment on or determine the merits of the contention.

The defendant argues that no useful purpose will be served in reinstating this action and the rights of the plaintiff have in no way been prejudiced as the present plaintiff's suit against the United States in the United States District Court for the Southern District of New York is still pending. The answer to the argument is that the pendency of that suit is not material to the issue presently before this Court.

The motion of the plaintiff to set aside the judgment of dismissal heretofore entered against him and to reinstate the above-entitled case is accordingly granted.

An order in conformity with the foregoing opinion will be prepared and submitted.