### SLEMP v. UNITED STATES.

United States District Court
S. D. New York.
May 21, 1953.

Maurice Holden, Brooklyn, N. Y., proctor for libellant.

Myles J. Lane, U. S. Atty., New York City, proctor for respondent Burlingham, Hupper & Kennedy, New York City, of counsel.

WEINFELD, District Judge.

It is beyond dispute that the prior suit by the libellant was dismissed for lack of prosecution and not "solely because" libellant improperly sued the general agent instead of the United States as owner. The dismissal would have been entered even had he sued the right party. Accordingly, the fifth exceptive allegation must be sustained and the libel dismissed. Kalil v. United States, D.C., 107 F.Supp. 966. While Public Law No. 877, 81st Congress, Second Session, amending 46 U.S.C.A. § 745, is to be liberally construed to effect its intended objectives, cf. Cohen v. United States, 2 Cir., 195 F.2d 1019; Merlino v. United States, D.C., 104 F.Supp. 817, the present situation does not come within its terms.

The cases of Cataldo v. United States, D.C., 108 F.Supp. 560, and Parker v. United States, D.C., 104 F.Supp. 814, 1952, A.M.C. 303, are inapposite since it is clear that in each of those cases the attorneys for the respective parties had agreed that a dismissal or discontinuance was compelled by reason of the ruling in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, and the dismissal for "lack of prosecution" in the one case and the discontinuance in the other reflected their accord. No such agreement has been shown to exist in the instant case. Here the dismissal was solely and only for failure to prosecute. The suit is barred by the original limitation in the Suits in Admiralty Act and is not within the extension provided for under Public Law No. 877.

In view of this disposition there is no occasion to pass upon the remaining exceptions.

Settle order on notice.