John P. MORGAN, Libelant-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15, Docket 23342.

United States Court of Appeals Second Circuit.

Argued Oct. 13, 1955.

Decided Jan. 17, 1956.

Harvey Goldstein, New York City (Mordecai Cohen, Brooklyn, N. Y., and Jacob Rassner, New York City, on the brief), for libelant-appellant.

Corydon B. Dunham, New York City (J. Edward Lumbard, U. S. Atty. for the Southern District of New York, New York City, and Xavier N. Sardaro, Brooklyn, N. Y., on the brief), for respondent-appellee.

Before FRANK, HINCKS and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

The libelant was injured on January 19, 1944, while serving as a watchman aboard the S.S. Green Mountain State. The ship was owned by the United States and was being operated by a general agent under the standard form of General Agency Service Agreement.

The libelant brought suit against the general agent in the Supreme Court of the State of New York on April 20, 1944, to recover for his injuries. On March 28, 1949, that action was dismissed because of the failure of the libelant to appear at a calendar call of which he had been duly notified on March 25, 1949.

On June 27, 1949, the United States Supreme Court in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, reversing our decision in McAllister v. Cosmopolitan Shipping Co., 2d Cir., 1948, 169 F.2d 4, decided that the general agent of the United States was not liable for the negligence of the masters and crews with whom the United States had manned vessels operated under general agency agreements.

Thereafter the 81st Congress on December 13, 1950 amended 46 U.S.C.A. § 745, P.L. 877, 81st Cong., 2d Sess., extending until December 13, 1951 the period of limitation applicable to a suit in admiralty by a seaman against the United States

"* * * if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, partnership, association, or corporation engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States. * * *"

The purpose of this amendment, as stated by the Senate Committee on the Judiciary, was " * * * that litigants should not be made the victims of the legal confusion regarding the proper remedy in such cases, and are not responsible for the conditions brought about by lack of clarity in the opinions of the Supreme Court." 1950 U.S.Cong.Code Service, p. 4210. See Cohen v. United States, 2 Cir., 1952, 195 F.2d 1019, 1021.

In May, 1951, this suit on the same cause of action as the state court suit brought April 20, 1944, was brought against the United States in reliance upon the amendment to 46 U.S.C.A. § 745. The District Court, per Goddard, J., dismissed the libel as untimely, holding that the 1950 amendment was inapplicable. Morgan v. United States, D.C.S.D.N.Y. 1954, 121 F.Supp. 941. Libelant's appeal raises only the question whether the dismissal of libelant's prior action in the Supreme Court of New York was "solely because improperly brought against" the wrong party.

■ The requirements of the remedial amendment of 1950 are clearly met when the order of dismissal of the prior action against the general agent shows affirmatively that the dismissal was because the action was brought against the wrong party. See Soriano v. American Liberty S.S. Corp., D.C.E.D.Pa.1952, 13 F.R.D. 455. Where the court record is silent as to the reason for discontinuance or dismissal, but the libelant or his attorney has convinced the court by affidavit or otherwise that the dismissal or discontinuance resulted from a recognition by counsel that the action would not lie against the general agent, the requirements of the amendment have been held to be satisfied. Parker v. United States, D.C.E.D.N.Y.1951, 104 F.Supp. 814; Cataldo v. United States, D.C.S.D. N.Y.1952, 108 F.Supp. 560. But where dismissal is based upon lack of prosecution, the dismissal is not "solely because improperly brought against" the wrong party. Kalil v. United States, D.C.E.D. N.Y.1952, 107 F.Supp. 966; Slemp v.

United States, D.C.S.D.N.Y.1953, 112 F. Supp. 351; and Jett v. United States, 1953 A.M.C. 233 (S.D.N.Y., 1952).

Libelant cannot and does not assert that his failure to appear was motivated solely by the Supreme Court McAllister decision, since his omission occurred three months prior to that decision while the ruling law in this circuit was that the general agent was a proper party defendant to the libel. McAllister v. Cosmopolitan Shipping Co., 2 Cir., 1948, 169 F.2d 4. Therefore, he cannot bring himself directly within the Cataldo and Parker cases, supra.

The libelant contends, however, that under New York practice he could have moved to restore the prior action against the general agent to the calendar of the Supreme Court of New York within one year from the date of his non-appearance. If he had done so, and if the court had granted his motion, the prior action could then have been dismissed, with the record showing that the reason for dismissal was that the suit had been brought against an improper party.

The libelant argues that it is inequitable to penalize him for failure to take these "formal" steps which would have brought him within the express terms of the remedial statute. In essence his argument is that the dismissal did not become final until March of 1950, which was nine months after the McAllister decision; and that, in construing the statutory phrase "dismissed solely because improperly brought against [the wrong party]," we should consider his reasons for failing to reinstate the case on the calendar.

■ Assuming, *arguendo*, the validity of the libelant's statutory interpretation, we think he has still not brought himself within the statute. He has offered no explanation for his failure to appear at the calendar call. For aught we know whatever reasons prompted his failure to appear continued during the one year period and motivated his failure to restore. Unlike the Cataldo and Parker cases, supra, the libelant here has

not convinced the District Court that his sole reason for suffering the dismissal was based on the statutory ground. Even if we assume that under New York practice the libelant could have restored his action to the calendar within the year ending March, 1950, and that the dismissal did not become final until that date, we find no basis for concluding that the sole reason for the dismissal was the McAllister decision. Clearly, the reason for libelant's failure to appear in March, 1949, could not have been the statutory one; and, absent affidavits or other offers of proof, the natural inference of a continuing motivation, whatever such motivation was, has not been rebutted. Libelant does not contend that *but for* the decision in McAllister he would have taken steps to restore his case to the calendar. He contends rather that *if* the case had been restored to the calendar and then dismissed he *would* be within the statutory grounds. But under libelant's own interpretation of the statute the crucial issue is not the hypothetical question of what he *could* have done, but whether *in fact* his sole reason for suffering final dismissal in March, 1950 was the statutory one. We conclude that libelant has failed even to bring himself within such an interpretation of the statute and accordingly his argument avails him nothing.

Affirmed.

FRANK, Circuit Judge (dissenting).

Here we engage in interpreting a federal remedial statute, 46 U.S.C.A. § 745, enacted to benefit seamen. My colleagues reject any but a strictly literal interpretation.

The New York state court suit was dismissed on March 28, 1949. Under the New York practice (cited by my colleagues), libellant had a year (*i. e.,* until March, 1950) within which to move to restore that suit to the calendar. Nine months of that year still remained when the Supreme Court decided McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692. I think no one doubts that, if within these nine months, libellant had moved the New York court (a) to reinstate the state-court suit and then (b) to dismiss it, on account of McAllister, that court would have granted the motion. My colleagues, if I understand them correctly, agree that, had that been done, the instant case would have been timely begun as within 46 U.S.C.A. § 745. They hold it untimely solely because libellant did not follow an empty ceremony (*i. e.,* reinstating the state-court suit and then having it dismissed). I had thought that our court, long taught by Judge Learned Hand, would never be the slave of literal language, would always recognize that it is "one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary." [1] That is ancient learning. [2] (Indeed, an early seventeenth-century English commentator suggested the removal of a judge, for violation of his oath of office, if he "held himself in his judgments precisely or rather austerely to the letter of the lawe" without regard to its spirit. [3] Of course, I think that suggestion inapplicable here.) To exalt the literal meaning at the expense of the purpose of a statute is especially surprising when, as here, the legislature aimed to help seamen, traditionally the wards of admiralty. See, *e.g.,* Wilder v. Inter-Island Steam Navigation Co., 211 U.S. 239, 29 S.Ct. 58, 53 L.Ed. 164.

1. Cabell v. Markham, 2 Cir., 148 F.2d 737, 739.

2. For early expressions of that attitude, see United States v. Lennox Metal Manufacturing Co., 2 Cir., 225 F.2d 302, 311

3. Hake, Epieikia (Yale Law Library Publications, 1953) 29.