**Joseph STEADT and The Delaware Lackawanna and Western Railroad Company, Libelants,**

**v.**

**UNITED STATES of America, Respondent.**

United States District Court
S. D. New York.

Nov. 21, 1957.

---

524

Albert E. Cinelli, New York City, for libelants.

Paul W. Williams, U. S. Atty., New York City, for respondents. Lt. O. H. Marsh, Special Asst. to the U. S. Atty., New York City, of counsel.

HERLANDS, District Judge.

Respondent excepts to the libel on two grounds: "1. The libel does not state facts sufficient to constitute a cause of action. 2. The libel fails to identify any specific vessel alleged to have been owned by the respondent and to have collided with the libelant's barge."

Libelants cross-move "for an order herein striking Respondent's Exceptions as not being timely made in accordance with the local Admiralty Rules of this Court and for an order granting judgment by default in favor of Libelants for the failure of Respondent to timely appear and answer."

It is necessary to consider certain allegations contained in the libel. Paragraph Third states that, at the material time [on or about June 17, 1955] "the respondent was the owner of an Army tugboat with barge in tow which operated in the vicinity of Pier 2, Brooklyn Army Terminal." According to paragraphs Fourth and Fifth, "the respondent managed, operated and controlled the aforesaid vessel" and "all the officers and crew of the aforesaid vessel were in the employ of the respondent." Paragraph Fourteenth contains, among other things, the following recitals: "That on or about the 17th day of June, 1955, Joseph Steadt, one of the libelants herein, while in the employ of The Delaware, Lackawanna and Western Railroad Company, one of the libelants herein, aboard Barge No. 195 of The Delaware, Lackawanna and Western Railroad Company, which was lawfully and properly moored at or about Pier 2, Brooklyn Army Terminal, Brooklyn, New York, was caused to suffer injuries to his person" due solely to the negligence of the respondent's employees "aboard the vessel," the respondent's failure to maintain and navigate "the aforesaid vessel" in a safe and seaworthy manner, and respondent's "causing said vessel with barge in tow to come in contact with said Barge No. 195."

Respondent argues that, because the libelants have not identified the particular offending vessel owned by respondent beyond the description contained in the libel, the libel is fatally defective in two respects: first, the failure of identification renders the libel *insufficient* as a matter of law; and second, the failure to identify the particular vessel owned by respondent is a *jurisdictional* defect, depriving the Court of jurisdiction over the subject-matter and the person of the respondent.

Respondent's exceptions are overruled and dismissed, for the reasons set forth in this opinion.

■ The libel states facts sufficient to constitute a cause of action. Both parties agree that this action (if otherwise pleaded properly) is encompassed within the Public Vessels Act (46 U.S.C.A. § 781: "* * * damages caused by a public vessel of the United States * * *").

Under the circumstances, it is not necessary to determine whether the Suits in Admiralty Act (46 U.S.C.A. § 741 et seq.) also applies. However, it must be pointed out that there is nothing before the Court to establish, either as a matter of pleading or otherwise, whether the Army tugboat involved in the collision was employed for military purposes or "as a merchant vessel." Hence, one of the alternate conditions of the Suits in Admiralty Act (46 U.S.C.A. § 742)—that the vessel be "employed as a merchant vessel"—has not been pleaded in the libel.

Nor does this libel satisfy the other alternate condition of section 742 dealing with tugboats. The naked allegation that the vessel is "an Army tugboat" does not bring the action within the Suits in Admiralty Act, 46 U.S.C.A. § 742. That statute (section 742) applies only to a tugboat operated by one of the corporations mentioned in section 741 of 46 U.S.C.A. (e. g., a corporation whose capital stock is owned by the United States). The Army is not such a corporation.

The libel, as a pleading, satisfies the requirement of the Public Vessels Act (46 U.S.C.A. § 781) that the vessel be "a public vessel of the United States." The libel specifies the date and describes the place and other circumstances of the accident, all of which in the aggregate constitute the basis, as a matter of pleading, for a reasonable identification of the particular Army tugboat. The Court does not agree with respondent's contention that it is absolutely necessary for libelants to state the name and number of the tugboat. Modern pleading is not like the old English procedure, which required the right words to be said "without slip or trip."

Respondent contends that the Public Vessels Act, partially waiving, as it does, sovereign immunity, should be "conservatively" interpreted. See Hammond-Knowlton v. United States, 2 Cir., 1941, 121 F.2d 192, 204–205, interpreting the Tucker Act, 28 U.S.C.A. § 1346.

On the other hand, we have the view expressed by Mr. Justice Reed in Canadian Aviator, Ltd. v. United States, 1945, 324 U.S. 215, 222, 65 S.Ct. 639, 643, 89 L.Ed. 901, that "Congressional adoption of broad statutory language authorizing suit [in the Public Vessels Act] was deliberate and is not to be thwarted by an unduly restrictive interpretation." In similar vein, Judge Learned Hand said, in Grillea v. United States and National Shipping Authority, 2 Cir., 1956, 232 F.2d 919, 921:

"We are to remember that the Suits in Admiralty Act is not to be construed with the same jealousy that ordinarily circumscribes the consent of the United States to be sued; * * *" (citing, *inter alia*, in note 3, the Canadian Aviator, Ltd. case).

█ Questions of pleading, practice and procedure in admiralty are to be dealt with liberally, in a non-technical spirit, and in accordance with equitable principles. See British Transport Commission v. United States, 4 Cir., 1956, 230 F.2d 139, affirmed 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234, 43 A.B. A.J. 825, cited with approval in Moore-McCormack Lines v. McMahon, 2 Cir., 1956, 235 F.2d 142, 143. In British Transport Commission, supra, the United States Supreme Court said (354 U.S. at page 139, 77 S.Ct. at page 1108):

"Admiralty practice which has served as the origin of much of our modern federal procedure, should not be tied to the mast of legal technicalities it has been the forerunner in eliminating from other federal practices."

See, also, Grillea v. United States, 2 Cir., 1956, 232 F.2d 919; Hidick v. Orion Shipping and Trading Co., D.C. S.D.N.Y.1947, 152 F.Supp. 630, 631; Rice v. Charles Dreifus Co., 2 Cir., 1938, 96 F.2d 80, 83, cited with approval in Putnam v. Lower, 9 Cir., 1956, 236 F.2d 561, 568; Mayo v. United States of America War Shipping Administration, D.C.E.D.Pa.1948, 82 F.Supp. 61; Cataldo v. United States, D.C.S.D.N.Y.1952, 108 F.Supp. 560, 563–564; The Convoy, D.C.E.D.N.Y.1919, 257 F. 843; The H. C. Jefferson, D.C.E.D.Pa.1941, 38 F. Supp. 612, 615.

█ "Inartificial pleading" is not fatal in admiralty practice. Esso Standard Oil Co. v. United States, 2 Cir., 1949, 174 F.2d 182, 185.

Balboa Shipping Co. Inc. v. Standard Fruit and Steamship Co., D.C.S.D.N.Y. 1949, 85 F.Supp. 312, relied on by respondent herein, is to be sharply distinguished from the facts in the case at bar.

■ Libelants' motion to strike the respondent's exception as not timely filed and for a default judgment is denied, for the reasons hereinafter set forth.

Since the respondent's exceptions raised a jurisdictional point it has been considered by the Court, notwithstanding the respondent's failure to file the exceptions within the four-week period prescribed by Rule 11(f) of the Admiralty Rules of this Court.

Rule 11(f) of the Admiralty Rules of this Court requires the filing of a notice of appearance by the United States within two weeks, and the filing of the United States' answer within four weeks, after the completion of service of the libel. A libel against the United States —whether under the Suits in Admiralty Act or the Public Vessels Act—is to be "determined according to the principles of law and to the rules of practice obtaining in like cases between private parties." 46 U.S.C.A. §§ 743, 782.

Under Admiralty Rule 28, title 28 U.S.C.A., "Default on failure to answer," the Court has the discretionary power to pronounce a party to be in default or to "set aside the default." Respondent has not offered any particular explanation why it did not answer or except within the four-week period fixed by this Court's Admiralty Rule 11, other than the circumstance implicit in respondent's theory that the libel was jurisdictionally defective and, hence, that an exception based upon such defect could be filed at any time.

In the exercise of its discretion, the Court will set aside respondent's default and will permit respondent to file and serve a responsive pleading.

In their memorandum, libelants made the following statement (pp. 5–6):

"(Parenthetically, Libelant Joseph Steadt, after sustaining his injuries on June 17, 1955, saw that an Army tugboat was the cause of his accident, but he was unable to get its name or number. Libelants are confident that the name or number of the offending vessel, if necessary, may be obtained from the government by usual methods of discovery permitted by the Admiralty Rules.)"

In its memorandum, respondent makes the following statement (p. 8):

"[Parenthetically, it may be of interest to the Court to know that the libelant Delaware, Lackawanna and Western Railroad Company presented a claim for the compensation it had paid Steadt, to the United States Army through the Brooklyn Army Terminal. That claim was first asserted by letter dated 1 November 1956, more than sixteen months after the incident allegedly occurred. The Army had received no prior notice of this incident. However, the Army personnel immediately after the receipt of that letter conducted an investigation. The Army has been unable to identify any Army tugboat as having been in the collision described in the libel.]"

The Court will afford the libelants the opportunity to conduct an appropriate discovery proceeding in order to ascertain the name or number of the offending vessel. This discovery proceeding shall take place with all convenient speed, as will be prescribed in the orders to be settled upon this decision. Promptly upon the completion of such discovery proceeding, the libelants shall be permitted to amend their libel accordingly. Respondent shall have twenty days after service of such amended libel to answer or move with respect thereto.

If, after the completion of the discovery proceeding, the libelants cannot establish that the offending vessel comes within the terms of the applicable statute, respondent, if so advised, may make such motion or take such other steps as it may deem proper under the circumstances.

Settle orders on notice in accordance with the foregoing opinion and decision.