Albert WEISS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 574-58.

United States District Court
D. New Jersey.

Dec. 17, 1958.

Irving N. Yankowitz, Newark, N. J., for plaintiff.

Chester A. Weidenburner, U. S. Atty., by Clyde A. Szuch, Asst. U. S. Atty., Newark, N. J., Robert D. Klages, Atty., Admiralty and Shipping Section, Dept. of Justice, New York City, for the Government.

MEANEY, District Judge.

Plaintiff, Albert Weiss, sues for personal injuries allegedly sustained while boarding a naval vessel owned by the United States. The claim is based on negligence in the maintenance of the ship's gangway, used by the plaintiff in pursuance of an invitation to the general public to visit the vessel. Since the Government has moved to dismiss the complaint on the ground that it fails to aver specifically the statutory grounds on which the Government consents to be sued in actions of this nature, there is no need further to recite the details of the accident. It would appear that the action is brought under the Federal Tort Claims Act, jurisdiction over which is given this court by Title 28 U.S.C.A. §§ 1346 and 2671 to 2680.

The Government insists that in the instant case the right of the plaintiff to institute suit for injuries is granted exclusively by the Public Vessels Act, Title 46 U.S.C.A. §§ 781–790, and that the instant suit must fail since it is not brought under this Act. If the Government is correct, the plaintiff is without remedy as at the time of bringing the motion to dismiss, the statute of limitations had run and a new suit would be barred. The plaintiff seeks to amend his complaint specifically to base his claim on the Public Vessels Act, and to such an amendment the Government strenuously objects.

The court is unable to find any binding precedent exactly fitting the case at bar. It is undeniable that the proper remedy for the character of injury alleged lies under the Public Vessels Act: American Stevedores v. Porello, 330 U. S. 446, 67 S.Ct. 847, 91 L.Ed. 1011. Section 781 of that Act provides that a "libel in personam in admiralty may be brought against the United States * *." The plaintiff sues in an action at law failing to comply literally with the statute under which properly he might have brought his action, since the substance of his complaint does allege a maritime tort occurring aboard a public vessel owned by the United States.

The question for adjudication is whether the Public Vessels Act must be so rigidly construed as to prevent amendment to include within its purview a complaint adequately setting forth a claim cognizable under its provisions, though the complaint fail to sound in libel and to recite the Public Vessels Act as a basis for jurisdiction.

■ The Tort Claims Act and the Public Vessels and Suits in Admiralty Acts constitute waiver of sovereign immunity and each gives right to the institution of suits otherwise enjoined, and normally such acts must be strictly construed. But that does not mean that there must be a niggling and obnubilative adherence to the narrowest meaning of the words of the Act when the patent intent of Congress would seem to suggest a surrender of formal right based on the supremacy of the state over the individual. As has been said in Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 222, 65 S.Ct. 639, 643, 89 L.Ed. 901, "Congressional adoption of broad statutory language authorizing suit (under the Public Vessels Act) was deliberate and is not to be thwarted by an unduly restrictive interpretation."

■■ There is no doubt that the factual basis for action set forth in the complaint is sufficient to warrant institution of the suit, and were an amendment allowed, merely indicating the specific act permitting the bringing of such an action, the Government could not with propriety allege that it was unduly prejudiced by the formal amendment. In Kerrigan's Estate v. Joseph E. Seagram & Sons, 3 Cir., 199 F.2d 694, at page 696, the court makes the following cogent comment: "Amending to show jurisdiction is liberally granted when the court in fact has jurisdiction. * * * As a practical matter the only reason for not allowing an amendment is prejudice to the opposing party * * *." Of course in this case there was no waiver of governmental immunity involved, but the argument is persuasive even in face of the oft-repeated strict interpretation rule.

This court has in mind the many cases where jurisdiction has been denied, e. g., United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Rodinciuc v. United States, 3 Cir., 175 F.2d 479; Kruhmin v. United States, 3 Cir., 177 F.2d 906; Messenger v. United States, 2 Cir., 231 F.2d 328, and others; but in each of them there was a failure to comply substantively with the conditions or terms of the statute.

In Steadt v. United States, D.C., 157 F.Supp. 523, and in Merlino v. United States, D.C., 104 F.Supp. 817, formal failure in pleading was disallowed as a reason alleged for lack of jurisdiction.

The court feels that the alleged failure to plead venue properly is something

302

that can be waived and there has been no showing of misplaced venue.

■ The motion of the Government to dismiss the complaint is denied and the motion of plaintiff to amend is granted. The basic purposes of both Acts of Congress in question are thus fulfilled. The plaintiff's amended pleading will relate back as a libel in admiralty to the date of the original filing inasmuch as it sets forth the same cause of action. Levinson v. Deupree, 345 U. S. 648, 73 S.Ct. 914, 97 L.Ed. 1319; Admiralty Rule 23, 28 U.S.C.A.; Rule 15 (c), Federal Rules of Civil Procedure, 28 U.S.C.A.

Let an order in conformity herewith be submitted.